**M.O. DENTAL LAB, Gerald W. Carter, Michael K. Zuber and Lora Zuber, Petitioners,**

v.

**Brenda Gail RAPE, Respondent.**

No. 03–0146.

Supreme Court of Texas.

July 2, 2004.

Julia F. Pendery, Shawn Malcolm McCaskill, Godwin Gruber, LLP, William Barry Shelton, G. Patrick Collins & Associates, Dallas, for petitioners.

J. Patrick Gallagher, Dale Jensen, Gallagher Law Office, Fort Worth, for respondent.

PER CURIAM.

The issue in this premises liability case is whether ordinary mud or dirt that accumulated naturally on a concrete slab outside a business posed an unreasonable risk of harm. Because we hold that, as a matter of law, it did not, we reverse the court of appeals' judgment in part and remand this case to the trial court.

Brenda Gail Rape filed a premises liability action against M.O. Dental Lab, Charlie Smith, Gerald W. Carter, Michael K. Zuber, and Lora Zuber after she slipped and fell on the pavement outside the M.O. Dental Lab. Rape alleged that she parked her car along the side of the business, and as she was walking from her car toward the entrance of the building, she slipped and fell on a "slippery mud substance." She claimed the substance had accumulated on the parking lot sidewalk.

Defendant Lora Zuber stated in her deposition testimony that it had rained some-

time before Rape's arrival. Zuber acknowledged that, as a result of the rain, mud had accumulated on the concrete slab where Rape fell. Zuber explained that no efforts were made to clear off the mud, as it would eventually be washed or blown away by the weather. Zuber claimed no one else had ever informed her or anyone in the office about mud on the concrete slab causing someone to slip. When asked, though, whether the mud was slippery to walk on, Zuber replied, "I'm sure it is."

The defendants, with the exception of Smith, who was never served with citation, moved for summary judgment on the ground that the slippery mud substance Rape complained about was not a condition posing an unreasonable risk of harm. The trial court granted summary judgment on two grounds: (1) no dangerous condition existed on the property as a matter of law; and (2) the defendants committed no acts of negligence in relation to this accident. Rape filed a motion for new trial arguing that the evidence created a fact issue on both grounds. The trial court denied the motion, and Rape appealed.

Although the defendants did not affirmatively contend in the court of appeals that the judgment was interlocutory and therefore unappealable, they did observe in their briefing that the judgment did not expressly dispose of Rape's claim against Smith. They asked the court of appeals to determine whether it had appellate jurisdiction before proceeding to the merits of the appeal. The court of appeals, after concluding that the trial court's judgment

was final even though it did not specifically include Smith,[1] reversed the order granting summary judgment.[2] As to whether a "dangerous condition" existed on the property, the court of appeals held that a fact issue existed with respect to whether the mud that Rape slipped on was a condition posing an unreasonable risk of harm.[3] In so holding, the court distinguished *Johnson County Sheriff's Posse, Inc. v. Endsley*[4] and *Brownsville Navigation District v. Izaguirre*,[5] in which this Court held that ordinary mud or dirt remaining "in its natural state and environment" does not pose an unreasonable risk of harm as a matter of law, on the basis that the mud in this case "accumulated on a man-made surface."[6] The court of appeals further held that the trial court erred in granting summary judgment on Rape's negligence claim because M.O. Dental Lab had not moved for summary judgment on that ground.[7] The defendants petitioned this Court for review.

Neither party argues to this Court that the summary judgment was not a final, appealable order. Nevertheless, we are obligated to review *sua sponte* issues affecting jurisdiction.[8] In *Lehmann v. Har–Con Corp.*, we clarified the longstanding general rule that "[a] judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record."[9] The judgment in this case is entitled "Order Granting Summary Judgment," and it recites in its entirety:

On the 22 day of June, 2001, the Court heard the Motion for Summary Judg-

1. 95 S.W.3d 712, 715.

2. *Id.* at 719.

3. *Id.*

4. 926 S.W.2d 284 (Tex.1996).

5. 829 S.W.2d 159 (Tex.1992).

6. 95 S.W.3d at 718.

7. *Id.* at 719.

8. *N.Y. Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 678 (Tex.1990).

9. 39 S.W.3d 191, 195 (Tex.2001).

ment filed by Defendant [sic], M O Dental Lab, Gerald W. Carter, Michael K. Zuber and Lora Zuber, and the Court, having examined the pleadings and the evidence finds that the following facts exist without substantial controversy:

1. No dangerous condition existed on the property as a matter of law; and

2. The Defendant [sic] committed no acts of negligence in relation to this accident.

It is therefore, ORDERED, ADJUDGED AND DECREED, that JUDGMENT in this cause be entered against Plaintiff and that costs be assessed against the Plaintiff[.]

Signed this the 22 day of June, 2001.

The court of appeals, citing our decision in *Youngstown Sheet & Tube Co. v. Penn,*[10] held that the trial court's order granting summary judgment was final for purposes of this appeal because Smith was never served and the record contains no pleadings or motions filed by Smith.[11] In *Penn,* the trial court's order granting summary judgment disposed of all parties named in the petition except one. The remaining party was never served with citation and did not file an answer, and nothing in the record indicated that the plaintiff in the case ever expected to obtain service upon the remaining party. We therefore held, "In these circumstances the case stands as if there had been a discontinuance as to [the unserved party], and the judgment is to be regarded as final for the purposes of appeal."[12]

This holding in *Penn* was not overruled, expressly or otherwise, by *Lehmann.*[13] We said in *Lehmann* that "[t]o determine whether an order disposes of all pending claims and parties, it may of course be necessary for the appellate court to look to the record in the case."[14] We continued, "[I]f the record reveals that there is only one plaintiff and only one defendant, X, the order is final, but if the record reveals the existence of parties or claims not mentioned in the order, the order is not final," unless it is made final by its own language.[15] In *Penn,* an examination of the record revealed no intent that the plaintiff expected to serve the unserved defendant, and this Court correctly regarded the judgment as final.

 In the instant case an examination of the record affirmatively reveals that the order granting summary judgment was final. Rape, in her original petition, stated "[t]he location for service of Defendant Charlie Smith is unknown at this time, so no citation is requested." After the trial court granted summary judgment, Rape appealed, but did not indicate in either the trial court or the court of appeals that she expected to serve Smith and, therefore, that the summary judgment was not final. Additionally, both Rape and M.O. Dental Lab agreed in their briefs to the court of appeals that Smith was never served with process in this case. Thus, as we said in *Lehmann,* the record "illumin[ates] whether an order ... that all parties appear to have treated as final

10. 363 S.W.2d 230, 232 (Tex.1962).

11. 95 S.W.3d at 715.

12. *Penn,* 363 S.W.2d at 232.

13. *Lehmann,* 39 S.W.3d 191. But see *Wilkins v. Methodist Health Care Sys.,* 108 S.W.3d 565, 569 n. 12 (Tex.App.-Houston [14th Dist.]

2003, pet. granted) ("It is unclear whether Youngstown survives *Lehmann v. Har–Con Corp.*" (citing *Rape v. M.O. Dental Lab,* 95 S.W.3d at 715)).

14. 39 S.W.3d at 205–06.

15. *Id.* at 206.

may be final despite some vagueness in the order itself."[16]

Our decision in *Park Place Hospital v. Estate of Milo*[17] is not inconsistent with *Penn* regarding defendants who have not been served. In *Milo* a summary judgment did not dispose of claims against a defendant who had not been served or against another defendant that the plaintiff had non-suited. No order dismissing the suit as to the latter defendant had been signed, and the summary judgment did not contain a "Mother Hubbard" clause.[18] We held that "the appellate timetable could not be triggered until a signed, written order of the court dismissed [the nonsuited defendant]."[19] We continued, "Until the trial court rendered its severance order, the summary judgment for the hospital, [a physician, and a nurse] did not become final and appealable."[20] We did not discuss whether the plaintiff expected to serve the defendant who had not been served or whether the summary judgment could or could not have become final without severance as to that defendant. The court of appeals' disposition of the case before us today is not at odds with our holding in *Milo*.

Because we agree with the court of appeals that our holding in *Penn* controls this case and was not altered by *Milo* or our more recent ruling in *Lehmann*, we conclude that the trial court's order granting summary judgment is final for the purposes of this appeal. We now turn to the merits of the appeal. Summary judgment under Rule 166a(b) is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law.[21] On review, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor.[22]

In a premises liability case, the duty owed to the plaintiff depends on the status of the plaintiff at the time of the incident.[23] The parties here do not dispute that Rape was an invitee to the M.O. Dental Lab when the incident in question occurred. To prevail in a premises liability case, an invitee must plead and prove, among other elements, that a condition on the premises posed an unreasonable risk of harm to the invitee.[24] We held in both *Brownsville Navigation District* and *Johnson County* that ordinary mud or dirt in its natural state can and often does form a condition posing a risk of harm, but not an "unreasonable" risk of harm.[25] We further observed in *Johnson County* that

**16.** *Id.*

**17.** 909 S.W.2d 508 (Tex.1995).

**18.** *Id.* at 510.

**19.** *Id.*

**20.** *Id.*

**21.** TEX.R. CIV. P. 166a(c).

**22.** *Tex. Commerce Bank, N.A. v. Grizzle*, 96 S.W.3d 240, 252 (Tex.2002).

**23.** *See, e.g., Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex.1975); *Carlisle v. J. Weingarten, Inc.*, 137 Tex. 220, 152 S.W.2d 1073, 1074 (1941).

**24.** *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex.2000).

**25.** *Johnson County Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 287 (Tex.1996) ("The natural state of dirt, that it may be slippery when wet or may contain small rocks, can present a hazard under the right conditions, but not unreasonably so."); *Brownsville Navigation Dist. v. Izaguirre*, 829 S.W.2d 159, 160 (Tex.1992) ("Plain dirt which ordinarily becomes soft and muddy when wet is not a dangerous condition of property for which a landlord may be liable.").

holding a landowner liable for "[t]he natural state of dirt" would cause the landowner to "be an insurer against all injury to a tenant's lessees." [26] Although the court of appeals correctly pointed out that neither *Brownsville Navigation District* nor *Johnson County* specifically involved the accumulation of mud on a man-made surface,[27] we find this distinction immaterial. Ordinary mud that accumulates naturally on an outdoor concrete slab without the assistance or involvement of unnatural contact is, in normal circumstances, nothing more than dirt in its natural state and, therefore, is not a condition posing an unreasonable risk of harm.

■ Holding a landowner accountable for naturally accumulating mud that remains in its natural state would be a heavy burden because rain is beyond the control of landowners. Most invitees in Texas will encounter natural conditions involving ordinary mud regularly, and accidents involving naturally accumulating mud and dirt are bound to happen, regardless of the precautions taken by landowners. Generally, invitees like Rape are at least as aware as landowners of the existence of visible mud that has accumulated naturally outdoors and will often be in a better position to take immediate precautions against injury. Finally, following the rationale of *Johnson County,* to hold otherwise would make the landowner strictly liable for injuries resulting from ordinary mud or dirt in its natural state. The ordinary mud found on the concrete slab outside of the M.O. Dental Lab accumulated due to rain and remained in its natural state; thus, as a matter of law, it was not a condition that posed an unreasonable risk of harm to Rape necessary to sustain her premises liability action.

For the foregoing reasons, we hold that the trial court appropriately granted the defendants' motion for summary judgment. The defendants do not challenge the court of appeals' disposition of Rape's negligence claim. We accordingly grant the defendants' petition for review and, without hearing oral argument,[28] reverse the court of appeals' judgment in part and remand this case to the trial court for further proceedings.

---

26. 926 S.W.2d at 287.

27. 95 S.W.3d at 718.

28. TEX.R.APP. P. 59.1.