NO. 07-04-0050-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 16, 2004
_____

DION'S OF TEXAS, INC.,

Appellant

v.

SHAMROCK ECONOMIC DEVELOPMENT CORPORATION and
THE CITY OF SHAMROCK, TEXAS,

Appellees
_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 11,292; HON. STEVEN R. EMMERT, PRESIDING
_____

**_On Motion to Dismiss_**
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Pending before the court is the motion to dismiss of appellee Shamrock Economic Development Corporation (the Corporation) for lack of jurisdiction. In its motion, the Corporation contends that because the appeal is interlocutory, we have no jurisdiction to entertain it. Furthermore, the appeal is interlocutory allegedly since "[t]here is no [final] judgment or order disposing of the suit of . . . Dion's of Texas, Inc. against" the Corporation. We abate and remand the cause.

According to the record before us, Dion's sued both the City of Shamrock (Shamrock) and the Corporation for damages. In response, the Corporation filed a counterclaim seeking recovery upon a note executed by Dion's. Thereafter, both the Corporation and Shamrock moved for summary judgment. The latter, in its motion, invoked various defenses, including immunity, limitations, and novation to prevent Dion's from recovering against it. Next, the Corporation contended, through its own motion, not only that it was immune "with respect to the claims asserted" by Dion's but also that it was entitled to recover on the promissory note.

The trial court subsequently executed two orders purporting to grant the motions for summary judgments. Through that issued on behalf of Shamrock, the trial court ordered that Dion's "take nothing by its suit." Through that issued on behalf of the Corporation, the trial court simply ordered Dion's to pay the Corporation a sum purportedly due under the note. Yet, it said nothing about the claims asserted by Dion's against the Corporation. In other words, nothing in the "summary judgment" expressly granted or denied them.

Save for a few instances, courts of appeal have appellate jurisdiction only over final orders and judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Additionally, a judgment is final only when it disposes of all claims asserted by or against all parties. *M.O. Dental Lab v. Rape*, No. 03-0146, slip op., 2004 Tex. LEXIS 605 at 4 (Tex. July 2, 2004); *Lehmann v. Har-Con Corp.*, 39 S.W.3d at 195. Moreover, to satisfy the latter standard, an order issued pursuant to a motion for summary judgment must "clearly and unequivocally" evince the trial court's intent to "completely dispose of the entire case." *Lehmann v. Har-Con Corp.*, 39 S.W.3d at 205. So, ". . . if the record reveals the existence of parties or claims not mentioned in the order, the order is not final." *Id.* at 206.

2

Here, and as previously mentioned, the record illustrates that Dion's affirmatively sought recovery against the Corporation. Yet, those claims were not mentioned in the summary judgment that awarded the Corporation recovery upon its counterclaim. Nor does the record contain any other order evincing that the claims of Dion's were either granted or denied. Thus, we cannot say that the summary judgment granted the Corporation "clearly and unequivocally" indicates that the trial court intended to completely dispose of the claims of Dion's. It may well have thought only to address the demand of the Corporation for recovery upon the note. Given this uncertainty, we are permitted to "abate the appeal to permit clarification by the trial court." *Lehmann v. Har-Con Corp.*, 39 S.W.3d at 206; *see* TEX. R. APP. P. 27.2 (stating that the appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record).

Accordingly, we abate the appeal and remand the cause to the trial court. Upon remand, the trial court is ordered to disclose whether it intended the summary judgment entered in favor of the Corporation to completely dispose of all claims asserted by and against Dion's. If it concludes that it intended for the judgment to dispose of all of them, it is then directed to modify the order to clearly and unequivocally evince that intent. If it concludes that it did not so intend, such must also be disclosed to us in writing. Finally, the trial court is directed to include each modified judgment or order it may execute and its writing, if any, clarifying its intent regarding the finality of the prior summary judgment in a supplemental record to be filed with the clerk of this court on or before September 15, 2004. Until then, resolution of the Corporation's motion to dismiss will be stayed.

Per Curiam

3