NO. 07-05-0108-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 22, 2005



______________________________




BALDEMAR ARMENDARIZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;



NO. 3603; HONORABLE RON ENNS, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

ABATEMENT AND REMAND


 Following a plea of not guilty, appellant Baldemar Armendariz was convicted by a
jury of delivery of cocaine and punishment was assessed at 27 years confinement and a
$10,000 fine. The clerk's record and reporter's record have both been filed. Appellant's
brief was due to be filed on June 22, 2005, but has yet to be filed. Also, no motion for
extension of time has been filed. By letter dated June 29, 2005, this Court notified
appellant's appointed attorney, Thomas C. Moore, of the defect and also explained that if
no response was received by July 11, 2005, the appeal would be abated pursuant to Rule
38.8(b) of the Texas Rules of Appellate Procedure.

 Therefore, we now abate this appeal and remand the cause to the trial court for
further proceedings pursuant to Rule 38.8(b)(2) and (3). Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following: 

 1. whether appellant desires to prosecute the appeal;

 2. whether appointed counsel for appellant has abandoned the appeal;
and 

 3. whether appellant has been denied effective assistance of counsel 

 given his attorney's failure to file a brief.

 

The trial court shall cause a hearing to be transcribed. Should it be determined that
appellant does want to continue the appeal and is indigent, then the trial court shall also
take such measures as may be necessary to assure appellant effective assistance of
counsel, which measures may include the appointment of new counsel. If new counsel is
appointed, the name, address, telephone number, and state bar number of said counsel
shall be included in the order appointing new counsel. Finally, the trial court shall execute
findings of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues and cause its findings and conclusions to be included in a
supplemental clerk's record. A supplemental record of the hearing shall also be included
in the appellate record. Finally, the trial court shall file the supplemental clerk's record and
the supplemental reporter's record with the Clerk of this Court by Friday, September 2,
2005.

 It is so ordered.


 Per Curiam

 


Do not publish.



"
 UnhideWhenUsed="false" QFormat="true" Name="Title"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00156-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
23, 2010

 



 

GLENDA ALFORD AND ALFRED MILLER, APPELLANTS

 

v.

 

PAUL W. DUBOSE AND GLENNA DUBOSE, APPELLEES 



 



 

FROM THE 87TH DISTRICT COURT OF FREESTONE COUNTY;

 

NO. 08-140-B; HONORABLE DEBORAH OAKES EVANS, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellants, Glenda Alford and Alfred
Miller (Alford), appeal the granting of a partial summary judgment in favor of appellees, Paul Dubose and Glenna Dubose (Dubose).  In ruling upon Duboses motion for summary
judgment, the trial court declared that the description for the parcel of land
in question was so insufficient as to render the contract unenforceable.  Alford attempts to appeal from this
ruling.  

Factual and Procedural Background

Dubose is the successor in interest
to Eric Miller.  On April 11, 2005, Eric
entered into an agreement with Glenda Ann Alford.  The agreement was signed by Glenda on April
13, 2005.  The agreement was subsequently
filed of record in Freestone County, Texas, on October 27, 2005.  Contained within the agreement were
provisions that Glenda would provide services to Eric in the form of
development of a certain parcel of land for ranching purposes, and, in return
for this work, Eric would deed to Glenda a tract out of the original parcel as
her property.  The original agreement
contained the following description of the property to be deeded:

a
rectangular lot encompassing F.M. 934 frontage, the existing driveway (granting
easement to Mr. Miller for access, to remaining 79.35[1]
acres), and the area surrounding the doublewide mobile home including the
structure itself and excluding the well.

As attached to the record
before the trial court, this portion of the agreement has lines in the form of
an X drawn through it.  

On May
4, 2005, Eric signed a limited power of attorney in favor of Al Miller[2]
for the purpose developing for ranching 60.5 acres of land in Freestone County
and purchase of land for Eric Miller. 
After the execution of the limited power of attorney, Al entered into a
contract with Glenda dated July 1, 2005, and filed of record November 21, 2005,
that appeared to restate the terms of the original contract but did not contain
the marked out provision regarding the description of the property alleged to
be transferred.  The limited power of
attorney was filed of record June 16, 2005 in the records of Freestone
County.  Subsequently, Eric Miller
executed a revocation of the limited power of attorney referenced above.  The revocation was dated October 4, 2005, but
the acknowledgement was dated November 4, 2005. 
It was filed of record on November 7, 2005.  

Ultimately, differences arose between
the parties to the contract.  Eric
eventually sold the property which is the subject of the dispute by warranty
deed to George Robinson, Trustee.  
Robinson then filed the original suit asking, among other things, that
the contract between Eric and Glenda be declared unenforceable.[3]  Alford filed an answer and an original and
amended cross-action.

            At
the time the trial court granted the partial summary judgment in favor of
Dubose, Dubose had the following causes of action pending: 1) breach of contract;
2) conversion; 3) cloud on the title to the property in question; 4) breach of
fiduciary duty; and 5) forcible entry and detainer.  As a result, Dubose requested an accounting
for funds collected by Alford and damages to the real property suffered as a result
of Alfords actions.  

            The
record reveals that when the trial court granted the partial summary judgment,
Alfords amended cross-action had a number of different claims that revolved
around the contract held to be unenforceable. 
However, Alford also had a claim against Dubose for unjust enrichment
that does not appear to be addressed in the summary judgment.

Analysis

We are required to review sua sponte issues
affecting jurisdiction.  M.O. Dental Lab. v. Rape, 139 S.W.3d 671, 673 (Tex. 2004)
(per curiam). 
Unless a statute specifically authorizes an interlocutory appeal,
appellate courts have jurisdiction over final judgments only.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  When there has not been a conventional trial
on the merits, there is no presumption of finality of a judgment.  Crites v. Collins,
284 S.W.3d 839, 840 (Tex. 2009). 
"[I]f the record reveals the existence of parties or claims not
mentioned in the order, the order is not final."  Lehmann,
39 S.W.3d at 206.

The record before this Court
demonstrates that there are a number of causes of action upon which the trial
court has yet to rule.  The purported
appeal does not fall into one of the statutorily permissible interlocutory
appeals.  See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014 (Vernon 2008).  Likewise, the record also demonstrates that
there has been no effort to sever the issues adjudicated by the trial courts
partial summary judgment. 

Because the trial court has not ruled
on Duboses claims remaining after disposal of the claim that the vague
description of the subject property rendered the contract unenforceable and
because there are issues regarding Alfords unjust enrichment claim that have
yet to be disposed of, this appeal is premature.  See Lehmann, 39 S.W.3d at 195.  Therefore, this court is without jurisdiction
to hear the purported appeal of Alford. 

 

 

Conclusion

Accordingly, this appeal is dismissed
for want of jurisdiction.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice











[1]
The agreement has been altered by erasure to
reflect 79.35 acres and this change was initialed EM.

 





[2]
Al Miller is no relation to Eric Miller and,
according to the record, is the boyfriend of Glenna.

 





[3] The original petition was styled in the name of
George Robinson, Trustee.  There was no
indication for whom Robinson was acting.  Such was the style of the original motion for
summary judgment.  However, at some point
in time, the real parties in interest, Dubose, the appellees
herein, were identified as the plaintiffs for the amended motion for summary
judgment.  Appellants have not challenged
the appellees designation as plaintiffs and,
therefore, we will treat Dubose as the real parties in interest for all
purposes of this appeal.