NO. 07-05-0308-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 14, 2005
_____

REBECCA HERNANDEZ,

Appellant

v.

CITY of LUBBOCK and BLAKE LITTLEJOHN,

Appellees
_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-529,164; HON. SAM MEDINA, PRESIDING
_____

***Order of Dismissal***
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Pending before the court is a motion to dismiss this appeal, filed by appellee Blake Littlejohn.[1]  Therein, Littlejohn contends that we have no jurisdiction over the cause since the appeal is interlocutory.  Furthermore, it allegedly is interlocutory because no final order disposing of all claims against all parties was executed by the trial court.  In particular, the

_____

[1]Though appellant has had ten days to reply to the motion, no reply has been filed to date.

trial court's order of dismissal did not include the City of Lubbock (Lubbock). The record before us supports the contention of Littlejohn.

Hernandez sued both Lubbock and Littlejohn for damages. In response, Littlejohn filed a motion to dismiss the suit against him. The trial court granted his motion and entered an order "dismiss[ing] with prejudice" the claims against Littlejohn. Nothing was said about the claims asserted against Lubbock.

Save for a few instances, courts of appeal have appellate jurisdiction only over final orders and judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Additionally, a judgment is final only when it disposes of all claims asserted by or against all parties. *M. O. Dental Lab v. Rape*, 139 S.W.3d 671, 676 (Tex.2004); *Lehmann v. Har-Con Corp.*, 39 S.W.3d at 195. Here, the order from which appeal was taken did not dispose of all claims against all parties. Nor does the record contain evidence evincing that Hernandez' claims against Lubbock were disposed of via any other order.

Accordingly, we dismiss this appeal for want of jurisdiction.


Per Curiam