NO. 07-06-0391-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 15, 2007
_____

TOMMIE J. DENSON,

Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE -
INSTITUTIONAL DIVISION, et al.,

Appellees
_____

FROM THE 3RD DISTRICT COURT OF ANDERSON COUNTY;

NO. 3-38355; HON. DEBRA OAKES EVANS, PRESIDING
_____

*Order of Dismissal*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Tommie J. Denson appeals from the dismissal of his *pro se* indigent inmate litigation

against the Texas Department of Criminal Justice - Institutional Division, the University of

Texas Medical Branch, Tito Orig, Mary Gotcher, Lannette Linthicum, Artis Mosley, Kenneth

Kuykendall, Virginia Buchanan, Gary Johnson, E. J. Pederson, John Eaton, Davis Smith,

and Elmo Cavin.  In doing so, he argues that 1) the trial court abused its discretion in failing

to hold a fact hearing, and 2) the law of the case precluded the trial court from re-examining the questions of law presented. We dismiss for want of jurisdiction.

## *Background*

On September 2, 1999, appellant slipped and fell in the shower at the prison in which he was incarcerated, and broke a bone in his left hand. On December 8, 1999, he filed a lawsuit against the Department of Criminal Justice and the University of Texas Medical Branch as well as various employees of those entities pursuant to Chapter 14 of the Civil Practice and Remedies Code alleging that he received improper or inadequate treatment for his injury which caused his hand to become deformed. Motions for summary judgment were filed which the trial court granted. On appeal, the Twelfth Court of Appeals at Tyler affirmed the summary judgment in part and reversed and remanded as to the following claims: 1) all claims against Smith and Cavin (for failure to have requested summary judgment), 2) the Texas Tort Claims Act claims against the State, 3) the request for injunctive relief, 4) the §1983 claims against the employees in their individual capacities for violations of the Eighth Amendment and conspiracy and the state law claims of intentional infliction of emotional distress and conspiracy, and 5) the §1983 claims and state law retaliation claims against Kuykendall.

On remand, the trial court again dismissed the claims after the State filed special exceptions on behalf of all defendants, but the Court of Appeals reversed that judgment as well. Thereafter, the State filed a motion to dismiss on the grounds that the lawsuit was frivolous or malicious. However, that motion to dismiss did not purport to be on behalf of Smith or Cavin. The trial court granted the motion to dismiss as to the Texas Department

2

of Criminal Justice, the University of Texas Medical Branch, Orig, Gotcher, Linthicum, Mosley, Pederson, Kuykendall, Buchanan, Eaton, and Johnson.

### *Jurisdiction*

Save for a few instances, courts of appeal have appellate jurisdiction only over final orders and judgments. *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). Additionally, a judgment is final only when it disposes of all claims asserted by or against all parties. *M. O. Dental Lab Rape,* 139 S.W.3d 671, 676 (Tex. 2004); *Lehmann v. Har-Con Corp.,* 39 S.W.3d at 195. Here, the order from which appeal was taken did not dispose of all claims against all parties. The record provided also lacks evidence evincing that Denson's claims against Smith and Cavin were disposed of via any other order. Given this, there exists no final judgment or order from which appeal may be taken.

Accordingly, we dismiss the appeal for lack of jurisdiction.


Brian Quinn
Chief Justice