Dismissed and Memorandum Opinion filed May  6, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00217-CV

____________

 

HEB GROCERY COMPANY, L.P., Appellant

 

V.

 

DONALD KIRKSEY, Appellee

 



 

On Appeal from the
125th District Court

Harris County,
Texas

Trial Court Cause
No. 2009-11684

 



 

M E M O R
A N D U M   O P I N I O N

Donald
Kirksey sued his employer, HEB Grocery Company, L.P., for work-related
injuries.  The parties agreed to arbitration before the American Arbitration
Association.  They also agreed that the Federal Arbitration Act applies to
their dispute and that proceedings are to be conducted under AAA rules.  After
the arbitrator selected by the parties declined to serve, AAA appointed Joe
Lea, Jr. to serve, in accordance with its rules.  AAA overruled Kirksey’s objections to
Lea.  Kirksey then filed a motion in the trial court to recuse Lea.  The trial
court signed an order on February 23, 2010, granting Kirksey’s motion to recuse
the arbitrator and appointing the Honorable Katie Kennedy as substitute
arbitrator.  HEB then filed this interlocutory appeal and a parallel original
proceeding.  

Kirksey has
filed a motion to dismiss this appeal as moot.  See Tex. R. App. P. 42.3.  According to the motion, on
March 12, 2010, AAA reconsidered the parties’ contentions and appointed Judge
Kennedy as the arbitrator in this case.  HEB objected to the appointment.  On
March 18, 2010, AAA advised the parties that it had reviewed their positions
and it would proceed with Judge Kennedy as the arbitrator in accordance with
the trial court’s February 23, 2010, order. 

Before we consider Kirksey’s motion,
we must address the fundamental question of our jurisdiction over this
interlocutory appeal.  Appellate courts must determine, even sua sponte,
the question of jurisdiction.  M.O. Dental Lab. v. Rape, 139 S.W.3d 671,
673 (Tex. 2004) (per curiam).  Unless a statute specifically authorizes an
interlocutory appeal, appellate courts have jurisdiction over final judgments
only.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  

Until recently, mandamus was the
appropriate method to enforce arbitration provisions governed by the FAA.  See
Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992).  Texas Civil
Practice & Remedies Code section 51.016, enacted in 2009, provides for an
interlocutory appeal in a matter subject to the FAA “under the same
circumstances that an appeal from a federal district court’s order or decision
would be permitted by” the FAA.  Tex. Civ. Prac. & Rem. Code Ann. § 51.016 (Vernon Supp. 2009).
[1]  

Section 16 of the FAA sets out when
an interlocutory appeal of an arbitration order is permitted.  See 9
U.S.C. § 16(a)(1).[2]   HEB asserts that subsection (B)
applies to permit an interlocutory appeal in this case because the trial court
denied a petition seeking “an order directing that such arbitration proceed in
the manner provided for in [an arbitration] agreement.” 9 U.S.C. §16(a)(1)(B). 
HEB contends that even though arbitration was originally compelled, the trial
court’s subsequent action in appointing a substitute arbitrator effectively
denied arbitration as agreed to by the parties.  

We construe statutes granting
interlocutory appeals strictly, given that they are a narrow exception to the
general rule that interlocutory orders are not immediately appealable.  Bally
Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 355 (Tex. 2001).  We conclude
that section 51.016 does not confer jurisdiction over this interlocutory order.

First, we disagree with HEB’s
contention that Subsection (B) applies to the order in this case.  A careful
reading of Subsection (B) reveals that it applies when a party has failed or
refused to arbitrate, which is not the situation here.

            In addition, Texas courts
applying the Texas Arbitration Act[3] have held that interlocutory appeal is not available
to challenge orders in cases where arbitration was originally compelled.  See,
e.g., In re Farmpro, Inc., No. 06-05-00125-CV, 2005 WL 2978440, *2, n.1
(Tex. App.—Texarkana Nov. 7, 2005, orig. proceeding) (mem. op.) (noting that
interlocutory appeal is not available to challenge order determining location
of arbitration).  A motion to disqualify an arbitrator does not equate to an
order denying an application to compel arbitration.  Coon v. Umphrey,
No. 09-09-00264-CV, 2009 WL 3030354, *4 (Tex. App.—Beaumont Sept. 24, 2009,
pet. filed) (mem. op.) (finding no jurisdiction over interlocutory rulings on
motions to disqualify arbitrators).  We find no authority permitting an
interlocutory appeal of an order granting recusal of an arbitrator or
appointing a substitute arbitrator.

Accordingly, we conclude that we are
without jurisdiction over this interlocutory appeal and order it dismissed.

 

PER
CURIAM

 

Panel consists of Chief Justice Hedges and Justices
Anderson and Christopher.










[1]   Section
51.016 applies to this case.  See Act approved June 19, 2009, 81st Leg.,
R.S., ch. 820 § 2 , 2009 Tex. Gen. Laws 2061 (“(a) Except as provided by this
section, the change in law made by this Act applies to an action filed on or after
the effective date of this Act or pending on the effective date of this Act.
(b) The change in law made by this Act does not apply to the appeal of an
interlocutory order in an action pending on the effective date of this Act if
the appeal of the order is initiated before the effective date of this Act.”)  





[2] (a) An
appeal may be taken from—

(1)
an order—

(A)
refusing a stay of any action under section 3 of this title, 

(B)
denying a petition under section 4 of this title to order arbitration to
proceed, 

(C)
denying an application under section 206 of this title to compel arbitration, 

(D)
confirming or denying confirmation of an award or partial award, or 

(E)
modifying, correcting, or vacating an award. 

9 U.S.C. § 16(a)(1).

Section 4 provides in
relevant part:

A party
aggrieved by the alleged failure, neglect, or refusal of another to arbitrate
under a written agreement for arbitration may petition any United States district
court which, save for such agreement, would have jurisdiction under Title 28,
in a civil action or in admiralty of the subject matter of a suit arising out
of the controversy between the parties, for an order directing that such
arbitration proceed in the manner provided for in such agreement.

9 U.S.C. §4.





[3]
The TAA does not have an analogous provision to the FAA’s Section
16(a)(1)(B) and simply permits an appeal from an order “denying an application
to compel arbitration.”  Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(1)
(Vernon 2005).