**Affirmed and Majority and Dissenting Opinions filed May 30, 2013.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-12-00333-CV

### SHEILA BAILEY, Appellant

### V.

### AMAYA CLINIC, INC. AND DR. DAVID W. POWELL, Appellees

## NO. 14-12-00335-CV

### DR. DAVID W. POWELL, Appellant

### V.

### SHEILA BAILEY, Appellee

## NO. 14-12-00354-CV

### AMAYA CLINIC, INC., Appellant

### V.

### SHEILA BAILEY, Appellee

# D I S S E N T I N G   O P I N I O N

After appellee/plaintiff Sheila Bailey served amended expert reports under Texas Civil Practice and Remedies Code section 74.351, appellants/defendants David Powell and Amaya Clinic, Inc. filed in a single document (1) objections to the reports under section 74.351(a), (2) a motion asking the trial court to sustain these objections, and (3) a motion asking the trial court to dismiss Bailey's claims and to award the defendants attorney's fees and costs under section 74.351(b). The trial court signed an interlocutory order in which it sustained some of the section 74.351(a) objections, overruled at least one of the objections, and did not address other objections. In its order, the trial court did not mention the motion for relief under section 74.351(b) at all, and under the unambiguous language of the order, the trial court did not rule on this motion. Because the trial court did not deny any relief sought by a motion under section 74.351(b), this court lacks appellate jurisdiction in the appeals filed by Powell and the Amaya Clinic under Texas Civil Practice and Remedies Code section 51.014(a)(9). Accordingly, this court should dismiss cause numbers 14-12-00335-CV and 14-12-00354-CV for lack of appellate jurisdiction. Because the defendants' motion seeking a ruling on their objections constitutes a motion for relief under 74.351(*l*), this court has jurisdiction over Bailey's appeal under Texas Civil Practice and Remedies Code section 51.014(a)(10), in which she challenges the trial court's order to the extent the trial court granted relief sought by this motion. In Bailey's appeal in 14-12-00333-CV, this court should affirm in part, reverse in part, and remand for further proceedings.

Because this court instead affirms the order in all three appeals, I respectfully dissent.

**This court lacks appellate jurisdiction in the appeals filed by Powell and the Amaya Clinic.**

In these consolidated appeals, Powell, the Amaya Clinic, and Bailey all have filed notices of appeal from the order signed by the trial court on March 30, 2012 (the "Order"). In the Order, the trial court did not dispose of all parties and claims in the trial court; therefore, the Order is interlocutory. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). This court lacks jurisdiction over an appeal from an interlocutory order unless a statute provides for an appeal from that interlocutory order. *See Ogletree v. Matthews*, 262 S.W.3d 316, 319, n.1 (Tex. 2007). The only statute that Powell and the Amaya Clinic (collectively, the "Powell Parties") invoke as a basis for appellate jurisdiction in their interlocutory appeals is Texas Civil Practice and Remedies Code section 51.014(a)(9). *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (West 2013). Under this statute, one may appeal from an interlocutory order of a district court that "denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351." *Id.* Courts are to strictly construe this statute authorizing interlocutory appeal as "a narrow exception to the general rule that only final judgments and orders are appealable." *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001) (quotations omitted).

Texas Civil Practice and Remedies Code section 74.351(b) provides:

> If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that:

3

(1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and

(2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b) (West 2013). The only motion to which section 74.351(b) refers is a motion by an affected physician or health care provider asking the trial court to award the affected physician or health care provider reasonable attorney's fees or costs of court or to dismiss with prejudice the claim against the physician or health care provider. *See id.* The term "a motion under Section 74.351(b)," as used in section 51.014(a)(9), means a motion by an affected physician or health care provider seeking reasonable attorney's fees, or court costs, or dismissal with prejudice of the claim against the physician or health care provider. *See id.*; *Davies v. Flores*, No. 01-12-00017-CV, 2012 WL 1893755, at *2–3 (Tex. App.—Houston [1st Dist.] May 24, 2012, no pet.) (holding that to be "a motion under Section 74.351(b)," as used in section 51.014(a)(9), the motion must seek some or all of the relief stated in section 74.351(b)). Objections to an expert report are filed under section 74.351(a), not 74.351(b). *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (West 2013). A motion asking the trial court to sustain objections filed against an expert report is not a motion under section 74.351(b), and an interlocutory order denying such a motion is not appealable under section 51.014(a)(9). *See Davies*, 2012 WL 1893755, at *2–4. Thus, the Powell Parties may not appeal the Order under section 51.014(a)(9) unless, in the Order, the trial court denied all or part of a motion seeking relief stated in section 74.351(b). *See id.*

4

Within 120 days of filing her original petition, Bailey served an expert report on the Powell Parties, in an attempt to comply with section 74.351(a).  In response, the Powell Parties filed objections under section 74.351(a), moved the trial court to sustain these objections, and moved the trial court to grant the relief stated in section 74.351(b).  After an oral hearing, the trial court sustained the objections to the report, granted Bailey a 30-day extension under section 74.351(c) to cure the deficiencies in the report, and did not rule on the motion under section 74.351(b).

Within 30 days, Bailey served amended expert reports on the Powell Parties in an effort to comply with section 74.351(a).  In response, the Powell Parties filed objections under section 74.351(a), moved the trial court to sustain these objections, and moved the trial court to grant section 74.351(b) relief.[1]  The trial court held an oral hearing on these motions and took them under advisement without making any rulings on the date of the hearing.  On March 30, 2012, the trial court signed the Order.

In the Order, the trial court recites that the Powell Parties' objections had been heard and considered and that the trial court sustained these objections in part and overruled them in part.  The trial court then sustained several of the Powell Parties' objections and indicated that Dr. Bell and Dr. Francis should revise their reports.  The latter relief was not requested by the Powell Parties.  In the Order, the trial court indicated that the reports are defective as to the opinions of Dr. Bell and Dr. Francis regarding the manner in which the care provided failed to meet the

---

[1] The Powell Parties filed their objections, asked the trial court to sustain these objections, and asked the trial court to grant section 74.351(b) relief, all in a single document. According to the majority, "[t]he prayer in the motion only asked the trial court to dismiss the case with prejudice 'pursuant to [section] 74.351(b)'. . . ." *Ante* at p.4, n.5.  In the prayer, the Powell Parties asked the trial court to sustain the objections that they had asserted under section 74.351(a) and to grant section 74.351(b) relief; they did not limit their request to section 74.351(b) relief.

applicable standard of care, but the trial court indicated that these defects may be cured if Dr. Bell and Dr. Francis revise their reports. Though the trial court stated that it believes "Dr. Francis's causation opinions are a good faith effort," nothing in the Order indicates that the trial court concluded that either the report of Dr. Francis or the report of Dr. Bell is an objective good faith effort to provide a fair summary of the expert's opinions regarding the manner in which the care provided failed to meet the applicable standard of care. In fact, the language of the Order shows that the trial court sustained objections by the Powell Parties to this aspect of these reports and that the trial court concluded that Dr. Bell and Dr. Francis needed to revise their reports to make them sufficient on this issue. In no part of the Order does the trial court overrule any objection in this regard or state that this aspect of either report is sufficient or constitutes a good faith effort to comply with section 74.351. In the Order, the trial court did not address whether Bailey's claims should be dismissed with prejudice or whether the Powell Parties should be awarded attorney's fees or costs under section 74.351(b). In fact, the trial court did not refer to the section 74.351(b) motion at all; the trial court did not even mention that this motion had been heard or was under consideration.

The language in the Order is unambiguous; therefore, this court must interpret the Order as having the effect required by the Order's plain language, even if this effect is contrary to the result required under applicable law. *See Reiss v. Reiss*, 118 S.W.3d 439, 441–43 (Tex. 2003). Though the Powell Parties filed a motion seeking 74.351(b) relief, under the unambiguous language of the Order, the trial court did not grant, deny, or otherwise rule on the Powell Parties' motion for this relief.[2]  Thus, this court has no appellate jurisdiction under section

---

[2] No party moved for reconsideration of the Order, and, after the trial court signed the Order, the Powell Parties did not ask the trial court to rule on their motion for 74.351(b) relief or object to any alleged refusal of the trial court to so rule.

51.014(a)(9).[3] *See Davies*, 2012 WL 1893755, at \*2–4. The parties have not cited and research has not revealed any other statute that provides appellate jurisdiction over the Powell Parties' respective appeals. Accordingly, these appeals should be dismissed for lack of jurisdiction. *See id.*

***In Bailey's appeal, this court should affirm in part, reverse in part, and remand.***

Bailey appeals the Order under section 51.014(a)(10) to the extent the trial court sustained the Powell Parties' objections. Under section 51.014(a)(10), this court has interlocutory appellate jurisdiction over the Order to the extent the trial court "grants relief sought by a motion under Section 74.351(*l*)." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(10) (West 2013). Because the Powell Parties' motion requesting the court to sustain its objections qualifies as a section 74.351(*l*) motion, the majority correctly concludes that this court has appellate jurisdiction over Bailey's appeal under section 51.014(a)(10).[4] *Id.* §§ 51.014(a)(10), 74.351(*l*). The majority also correctly concludes that the trial court did not err in sustaining the objections to Dr. Orlow's qualifications but erred in sustaining all of the objections sustained in the Order as to Dr. Bell and Dr. Francis.[5] In light of the

---

[3] Though Bailey has not asserted that this court lacks appellate jurisdiction, this court is obligated to review on its own motion issues affecting its appellate jurisdiction. *See M.O. Dental Lab. v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004).

[4] To the extent the trial court suggested, ordered, or afforded Bailey the opportunity to revise the expert reports, the Powell Parties did not request this relief, and therefore, this court lacks appellate jurisdiction over this part of the Order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(10).

[5] The objections that the trial court did not sustain, for example, the objections to Dr. Francis's opinions on causation, are not before this court in any of the three appeals, and no opinion regarding these objections is expressed in this dissenting opinion.

majority's analysis in Bailey's appeal, the appropriate appellate judgment in that appeal is to affirm the trial court's sustaining of the objections to Dr. Orlow's qualifications, reverse the sustaining of the objections as to Dr. Bell and Dr. Francis, and to remand for further proceedings. Even if, contrary to the foregoing analysis, the trial court had denied the Powell Parties' motion for 74.351(b) relief, Bailey is not challenging this ruling in her appeal; she is appealing the trial court's sustaining of the Powell Parties' objections as requested in the Powell Parties' 74.351(*l*) motion. In Bailey's appeal, this court has no jurisdiction over any ruling by the trial court on the motion for 74.351(b) relief. Therefore, in the judgment in Bailey's appeal, this court should affirm or reverse the trial court's sustaining of the Powell Parties' objections rather than address any ruling by the trial court on the motion for 74.351(b) relief.


/s/     Kem Thompson Frost
Justice


Panel consists of Justices Frost, Christopher, and Jamison. (Jamison, J., majority.)

8