**Dismiss and Opinion Filed June 23, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01467-CV

**THOMAS WOOD, Appellant**
**V.**
**21ST CENTURY MORTGAGE CORPORATION, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-14689-F**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Evans

Thomas Wood appeals the trial court's order granting summary judgment permitting foreclosure of a home equity lien. Upon review of the clerk's record, it appeared that the order appealed was not an appealable order. By letter dated January 15, 2015, we notified the parties that we questioned our jurisdiction over the appeal and requested jurisdictional briefing from the parties. To date we have received no response to our jurisdictional inquiry. Accordingly, we address our jurisdiction *sua sponte*, as we must. *M.O. Dental Lab. v. Rape,* 139 S.W.3d 671, 673 (Tex. 2004) (per curiam).

Appellate courts may review only final judgments or interlocutory orders specifically made appealable by statute. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001). Rule 736 provides the procedure for obtaining a court order, when required, to allow foreclosure

of a lien containing a power of sale. TEX. R. CIV. P. 735.1. Rule 736.8(c) specifically provides that an order granting or denying an application under rule 736 "is not subject to a motion for rehearing, new trial, bill of review, or appeal" and must be challenged in a separate, independent, original proceeding in a court of competent jurisdiction. *See* TEX. R. CIV. P. 736.8(c); *see also Moir v. JP Morgan Chase NA*, No. 05-14-00899-CV, 2014 WL 6808668, at *1 (Tex. App.—Dallas Dec. 4, 2014, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction); *Pittman v. Fed. Nat'l Mortg. Ass'n,* No. 05–14–00853–CV, 2014 WL 4207154, at *1 (Tex. App.—Dallas Aug. 26, 2014, no pet.) (mem. op.) (same). Here, the order appellant seeks to appeal granted appellee's motion for summary judgment on its claim for foreclosure under rule 735 of the Texas Rules of Civil Procedure. The appeal is precluded by rule 736.8(c). *See* TEX. R. CIV. P. 736.8(c). The Legislature has provided appellant a means for challenging the trial court's order, but that exclusive means is an original proceeding in a court of competent jurisdiction rather than an appeal to this Court. Because appellant challenges an unappealable order, we have no jurisdiction over the appeal.

Accordingly, we dismiss this appeal for want of jurisdiction.

/David Evans/
DAVID EVANS
JUSTICE

141467F.P05

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

THOMAS WOOD, Appellant

No. 05-14-01467-CV        V.

21ST CENTURY MORTGAGE
CORPORATION, Appellee

On Appeal from the 116th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-14689-F.
Opinion delivered by Justice Evans. Justices
Fillmore and Myers participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee 21ST CENTURY MORTGAGE CORPORATION recover its costs of this appeal from appellant THOMAS WOOD.

Judgment entered this 23rd day of June, 2015.