**Dismiss and Opinion Filed August 27, 2015**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-15-00789-CV

**FRANCES DAMON BRIGGS AND JOHN D. BRIGGS, Appellants**
**V.**
**US NATIONAL BANK ASSOCIATION AS TRUSTEE FOR J.P. MORGAN**
**MORTGAGE ACQUSITIONS CORP. 2005-OPT1, ASSET BACKED PASS-THROUGH**
**CERTIFICATES, SERIES 2005 OPT1, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-01569**

## MEMORANDUM OPINION
Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart
Opinion by Chief Justice Wright

Frances and John Briggs appeal the trial court's order permitting foreclosure of a home equity lien. Upon review of the clerk's record, it appeared that the order appealed was not an appealable order. By letter dated July 30, 2015, we notified the parties that we questioned our jurisdiction over the appeal and requested jurisdictional briefing from the parties. To date we have received no response to our jurisdictional inquiry. Accordingly, we address our jurisdiction *sua sponte,* as we must. *M.O. Dental Lab. v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam).

Appellate courts may review only final judgments or interlocutory orders specifically made appealable by statute. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

Rule 736 provides the procedure for obtaining a court order, when required, to allow foreclosure of a lien containing a power of sale. TEX. R. CIV. P. 735.1. Rule 736.8(c) specifically provides that an order granting or denying an application under rule 736 "is not subject to a motion for rehearing, new trial, bill of review, or appeal" and must be challenged in a separate, independent, original proceeding in a court of competent jurisdiction. *See* TEX. R. CIV. P. 736.8(c); *see also Moir v. JP Morgan Chase NA*, No. 05–14–00899–CV, 2014 WL 6808668, at *1 (Tex. App.—Dallas Dec. 4, 2014, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction); *Pittman v. Fed. Nat'l Mortg. Ass'n*, No. 05–14–00853–CV, 2014 WL 4207154, at *1 (Tex. App.—Dallas Aug. 26, 2014, no pet.) (mem. op.) (same). Here, the trial court's order granted foreclosure under rule 735 of the Texas Rules of Civil Procedure. The appeal is precluded by rule 736.8(c). *See* TEX. R. CIV. P. 736.8(c). The Legislature has provided appellant a means for challenging the trial court's order, but that exclusive means is an original proceeding in a court of competent jurisdiction rather than an appeal to this Court. Because appellant challenges an unappealable order, we have no jurisdiction over the appeal.

Accordingly, we dismiss this appeal for want of jurisdiction.

150789F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FRANCES DAMON BRIGGS AND JOHN
D. BRIGGS, Appellants

No. 05-15-00789-CV    V.

US NATIONAL BANK ASSOCIATION
AS TRUSTEE FOR J.P. MORGAN
MORTGAGE ACQUSITIONS CORP.
2005-OPT1, ASSET BACKED PASS-
THROUGH CERTIFICATES, SERIES
2005 OPT1, Appellee

On Appeal from the 116th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-15-01569.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Stoddart
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee US NATIONAL BANK ASSOCIATION AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUSITIONS CORP. 2005-OPT1, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2005 OPT1 recover its costs of this appeal from appellants FRANCES DAMON BRIGGS AND JOHN D. BRIGGS.

Judgment entered this 27th day of August, 2015.