**Motion Denied; Brief Stricken; and Order filed February 6, 2018**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-17-00713-CV**
_____

**SHANE HAWKINS D/B/A GENESIS II CHURCH OF HEALTH AND HEALING CHAPTER #119, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-29921**

# O R D E R

Appellant's brief was due December 4, 2018 but was not filed. We issued an order on January 4, 2018 stating we would dismiss the appeal for want of prosecution unless appellant filed a brief by February 5, 2018.

On January 31, 2018, appellant electronically filed a two-page document entitled, "NOTICE: CLAIM: "Challenge to Jurisdiction" and "*STAY*" ON ANY

FURTHER ACTIONS." He filed the document four times, classifying the document differently with each filing. His classifications included motion and brief.

The document asserts there is a "lack of jurisdiction," but does not specify if appellant believes jurisdiction is lacking in the trial court, this court, or both.[1] To the extent the document is intended to be a motion, it does not comply with Texas Rule of Appellate Procedure 10.1 because, among other things, it does not state with particularity the grounds on which it is based. *See* Tex. R. App. P. 10.1(a)(2). To the extent the document is intended to be a brief, it flagrantly violates Texas Rule of Appellate Procedure 38.1 because it does not contain:

- a list of all parties to the judgment and the names and address of their trial and appellate counsel;

- a table of contents;

- an index of authorities;

- a statement of the case;

- a statement regarding oral argument;

- a statement of the legal issues presented;

- a statement of facts;

- a summary of the argument;

- an argument for the contentions made, with appropriate citations to authorities and the record;

- a conclusion that clearly states the nature of the relief sought; or

---

[1] A court is obligated to determine if it has jurisdiction, even if jurisdiction is not challenged by the parties. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). This court has jurisdiction because appellant timely filed a notice of appeal from a final judgment. *See* Tex. Const. § 6(a); Tex. R. App. P. 25.1(b), 26.1.

- the contents required to be in the appendix.

*See* Tex. R. App. P. 38.1(a) – (k). If a court determines Rule 38.1 has been flagrantly violated, it may require a brief to be redrawn. *See* Tex. R. App. P. 38.9(a).

We **ORDER** as follows:

1. To the extent the two-page document filed on January 31, 2018 is a motion, we **DENY** it without prejudice to appellant's raising an argument concerning jurisdiction in his brief.

2. To the extent the two-page document filed on January 31, 2018 is a brief, we **STRIKE** it because it flagrantly violates Texas Rule of Appellate Procedure 38.1.

3. If appellant does not file a brief that complies with Texas Rule of Appellate Procedure 38.1 by **March 8, 2018**, we will dismiss this appeal for want of prosecution.

PER CURIAM

Panel consists of Justices Boyce, Donovan, and Wise.