

# NUMBER 13-22-00350-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN THE MATTER OF ROMAN ARGUELLES, INDIVIDUALLY AND ON BEHALF OF S.S.A. AND R.A.A., CHILDREN

---

### On appeal from the 197th District Court
### of Willacy County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Chief Justice Contreras**

Appellant Vanessa Stephanie Tijerina filed a notice of appeal regarding an "Order Holding Respondent in Contempt and Suspended Commitment Order" issued in trial court cause number 2020-CV-0212-A in the 197th District Court of Willacy County, Texas. On July 28, 2022, the Clerk of this Court advised appellant that it did not appear that the order at issue was appealable, requested correction of this defect, and notified appellant that the appeal would be dismissed if the defect was not cured. *See* TEX. R. APP. P. 42.3. Appellant did not correct the defect or otherwise respond to the Clerk's directive. On

August 18, 2022, the Clerk again advised appellant that it appeared she was attempting to appeal an order which was unappealable, requested correction of this defect, and notified appellant that the appeal would be dismissed if the defect was not cured. *See id.* Appellant did not correct the defect or otherwise respond to the Clerk's directive.

As an appellate court, we have the obligation to examine our jurisdiction and may do so sua sponte. *See Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020); *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). Generally, appeals may be taken only from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "Exceptions to this general rule are provided by statutes that specifically authorize interlocutory appeals of particular orders." *City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014); *see*, *e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (listing several interlocutory orders that may be appealed). We lack jurisdiction to review contempt orders by appeal; rather, such orders are subject to review by petition for writ of mandamus when the contemnor is not jailed or by petition for writ of habeas corpus when the contemnor is imprisoned. *See In re Janson*, 614 S.W.3d 724, 727 (Tex. 2020) (orig. proceeding) (per curiam).

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that we lack jurisdiction over this appeal. Accordingly, we dismiss this appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

DORI CONTRERAS
Chief Justice

Delivered and filed on the
15th day of September, 2022.

2