

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| YVONNE CARRASCO, | § | No. 08-23-00341-CV |
| Appellant, | § | Appeal from the |
| v. | § | 109th Judicial District Court |
| GARY MORSE, | § | of Winkler County, Texas |
| Appellee. | § | (TC# DC22-18211) |

## <u>MEMORANDUM OPINION</u>

This case began as an eviction proceeding in the Justice Court, Precinct 1 of Winkler County. On May 6, 2022, the Justice of the Peace entered a judgment against Appellant Yvonne Carrasco, giving Appellee Gary Morse possession of the property. On May 25, 2022, Carrasco appealed that decision to the 109th District Court and represented that she filed a bond with the Justice Court on that same day. A trial de novo was held in the district court, which also entered a judgment in favor of Morse.

Carrasco appealed that final order to our court. She claims that the district court lacked jurisdiction to hear the case for two reasons: (1) the suit is barred by limitations; and (2) she raised the affirmative defense of adverse possession that implicated the justice court's jurisdiction (which

in turn deprives the district court of jurisdiction). We agree that the district court lacked jurisdiction, but for a different reason.[1]

A final order in a forcible detainer case can be appealed to the county court for a de novo hearing.[2] Tex. R. Civ. P. 510.10. To perfect an appeal, the party must file a bond, deposit, or a statement of inability to pay the costs of appeal within five days of the Justice Court decision. Tex. R. Civ. P. 510.9(a). Failure to file a timely appeal deprives the county court of jurisdiction over the de novo appeal, and deprives our court of jurisdiction over any subsequent judgment. *Perry v. Vista*, No. 05-22-00099-CV, 2022 WL 1183291, at *1 (Tex. App.—Dallas Apr. 21, 2022, no pet.) (mem. op.).

Carrasco filed her appeal bond 19 days after the Justice of the Court entered the order. Because her appeal of the Justice Court decision was untimely, the district court did not have jurisdiction, and we, in turn, have jurisdiction only to vacate the district court's decision. *Id.*

Accordingly, we vacate the district court's judgment[3] and dismiss this appeal.

JEFF ALLEY, Chief Justice

October 9, 2024

Before Alley, C.J., Palafox and Soto, JJ.

---

[1] Even when not raised by the parties, we must examine our own jurisdiction over an appeal. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam).

[2] Carrasco appealed her case to the district court rather than the county court. We do not reach the issue of whether the district court would have had jurisdiction if the appeal was timely filed.

[3] The judgment of the Justice of the Peace Court is not affected by this decision.