**DISMISS and Opinion Filed January 7, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01623-CV

### IN RE RUBIN CRAIN IV, Relator

**Original Proceeding from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause No. F12-54318-Y**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and Stoddart
Opinion by Justice Myers

Relator files this petition for writ of mandamus contending the trial court had no jurisdiction to enhance the offense for which he was convicted, the procedure used to enhance his offense was illegal, he was denied effective assistance of counsel and his conviction violated the prohibition against ex post facto laws and the prohibition against double jeopardy.[1] Each of these contentions represents a collateral attack on relator's judgment of conviction.

---

[1] The Texas Rules of Appellate Procedure include specific requirements concerning the form and contents of a petition for writ of mandamus and relator's petition does not comply with those requirements. TEX. R. APP. P. 52.3. Relator does not certify his petition as required by rule 52.3(j) and he has not provided a mandamus record as required by rule 52.3(k) and 52.7. Although the deficiencies in relator's petition would in themselves constitute sufficient reason to deny mandamus relief, we address our jurisdiction *sua sponte*, as we must. *M.O. Dental Lab. v. Rape,* 139 S.W.3d 671, 673 (Tex. 2004) (per curiam) (court must review *sua sponte* issues affecting jurisdiction.)

The only proper means of collaterally attacking a final felony conviction is via petition for writ of habeas corpus under article 11.07 of the code of criminal procedure. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (West Supp. 2014) ("After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner."); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (in granting writ of mandamus to vacate judgment of conviction, court of appeals usurped the exclusive authority of court of criminal appeals to grant post-conviction relief). This Court has no jurisdiction over complaints that should be raised by post-conviction habeas corpus proceedings brought under article 11.07. *See* TEX. CODE CRIM. P. ANN. arts. 11.05, 11.07 (West 2005 & Supp. 2014). Accordingly, we **DISMISS** the petition for want of jurisdiction.

/Lana Myers/
LANA MYERS
JUSTICE

141623F.P05