June 26th, 2015

RE: Processing the "Petitioner's Writ of Certiorari"

To The Honorable Clerk:                    49,450-07

   "With all due Respect... will you please file,
process, and via * email to all parties involved in
accordance to matter of law in which all enclosed
exhibits and/or attachments must be copied front
and back pages due to me not having access to any
adequate copy machine; whereas, will be extremely
appreciated, and appropriate to present to the
Honorable Judge of the Court of Criminal Appeals?"

                              Respectfully,

                              Rubin Crain III
                              Petitioner (pro se)

w/B... with Cause No.#,
       please?

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 01 2015
Abel Acosta, Clerk

"Clerk's Cover Notice"

# IN THE COURT OF CRIMINAL APPEALS
## Austin, Texas

WRIT No.# _____

## IN RE Rubin Crain IV, Relator

Original Proceeding from the Criminal District Court #7

Dallas, Texas

Trial Court Cause No.# F12-54318-Y

---

## "Petitioner's Writ OF Certiorari"

---

Executed on 26th day of JUNE _____, 2015.

Respectfully Submitted,

*Rubin Crain IV*

Rubin Crain IV

(PRO-SE) Petitioner

page 1 of 30.

C.C.RCIV

(i.)

# Litigation Directory

Cover page .......................................... (i) ... page (1.)

History of the Case (s) .......................... page (2) - (4.)

Issues for Discretion of Certiorari Facias ... page (4) - (10.)

Conclusion (s) .................................... page (10) - (11.)

Unsworn Declaration .......................... page (11.)

Certification of Service ........................ page (11.)

## Authorities

Exhibit "A" ... (front/back pages) .......... page 1 and 2. (12.) And (13.)

Exhibit "A" (2.) ................................. page (14.)

Exhibit "B" ....................................... page (15.)

Exhibit "B" (front/back pages) ......... "page 1 and 2. (16.) (17.)

Exhibit "C" ....................................... page (18.)

Exhibit "D" (front/back pages) ...... "page 1 and 2. (19.) (20.)

Exhibit "E" (front/back pages) ...... page 1 and 2. (21.) (22.)

Exhibit "F" (front/back pages) ...... page 1 and 2. (23.) (24.)

Exhibit "G" (front/back pages) ...... page 1 and 2. (25.) (26.)

Exhibit "G" .................................... "page 3." at (27.)

Attachment (I.) ............................... page (28.)

Attachment (II.) .............................. page (29.)

Attachment (III.) ............................. page (30.)

Attach (IV.) closing page (S), And (V.)

## Constitution/Law(s)

Fifth Amendment

Sixth Amendment

Eighth Amendment

Fourteenth Amendment

C.C. RCIV

To The Honorable Chief Justice of Said Court of Criminal Appeals in Austin, Texas:

Now comes, Rubin Crain IV, #1987012, herein (pro se) Relator respectfully brings thus "Certiorari" petition in accordance to rectify the illegal conviction due to the encaptioned violations of the constitutional and due process, at law and in equity, which the petitioner is justly entitled accordingly with the requirements pursuant to the "Certiorari facias" standard of the legal remedy(s) to justice, as follows:

## I.
## History of the Case(s)

Relator was original arrested on April 17th, 2012 at 12:10pm for (Theft Material) under cause no.# F12-54214, that's still pending due to the (add charge)(Burglary of Building) at cause no.# F12-54318-U, that was changed on April 10th, 2012; after the fact(s) of the petitioner was hospitalized on April 9th, 2012 in accordance to the Emergency Surgery (s) for the "Methicillin-Resistant-Staphylococcus-Aureus" ("MRSA") infection that almost caused death (See: Parkland ("PHHS") medical records under patient I.D. no.# 2074359 of (MRN) reported treatment); until the release date (May 11th, 2012) in which the entire time at Parkland hospital the petitioner wasn't notified of any changes to original arrest by the appointed attorney (David Chris Wright #220263640) nor wasn't ever rearraigned for the added charge due to the "abusive tactics" and "ineffective assistance of counsel" pursuant to (State Bar) grievance no.# 201501735 in

page 2 of 30.                                   C.C. RCIV

ACCORDANCE with "BODA" CASE NO. #56234.... wherewith, WAS later convicted illegally on August 14th, 2012 by a jury with a finding of Judgment (N/A) by the trial court for the (State Jail) offense (Burglary of Building). The jury found the verdict as (guilty) in which assessed punishment to (10) years of confinement (TDCJ*I.D.); whereas, the direct appeal Attorney (Kathleen Ann. Walsh #20802200) inquired by "Nunc Pro Tunc" to the Fifth District Court of Appeals to "Modify" the Judgment (N/A) due to the two felony enhancement paragraphs to be found "true" without appellant's knowledgement nor consent under due process, or best interest of "good faith" in which the Fifth District Court of Appeals did "Affirm" the "abusive tactics" of appellant's direct appeal's (Brief) accordingly to Appeal Attorney's request pursuant to Sept. 5th, 2014~ Mandate Order (See: Crain v. State, No. #05-12-01219-CR, #2014 Tex. App. Lexis 1150 (Tex. App.-Dallas Jan. 31st, 2014) as well as Matter of law(s) of encaptioned (illegal) conviction due to appellant's (PRO SE) Argument to rectify the conviction to the original State Jail felony and punishment in Accordance to the — factual findings and conclusions pursuant to "petition for discretionary review", No. #PD-0321-14, #2014 Tex. App. of trial court No. F12-54318-U (Tex. App.-Dallas May 2nd, 2014), et cetera at "Mandamus", #WR-49,450-03 (Tex. App. Oct. 1st, 2014), "Article§11.07", #WR-49,450-04, TR. Ct. No. #W12-54318-U (A) (Tex. App. Oct. 6th, 2014), et al of "IN RE CRAIN IV", No. #05-14-01623-CV (5th District Court of Appeals - Dallas Jan. 7th, 2014); and, "Mandamus", #WR-49,450-05 (Tex. App. Jan. 9th, 2015), and "Article§11.07", #WR-49,450-06, TR. Ct. No. #

C.C. RC IV

W12-54318-4(B) (Tex. App. Jan. 30th, 2015.) - (SEE: Exhibit "A" (2).)
This is the first application for UNWRIT OF CERTIORARI due
to the requests at "Certiorari Facias" Accordingly, to wit;

## II.

## ISSUES FOR DISCRETION OF CERTIORARI FACIAS

Pursuant to the 5th, 6th, and 14th Amendments of violation
(s) due to the Relator's constitutional deprivation of the
"Unknown use due process claim" by the Appellant in
accordance to conviction of the 6th Amendment Right
(s) of the initial offense (Theft Material) at CAUSE NO. #
F12-54214, that was adequately read (MY) Rights, Arrested,
charged, Arraigned by Magistrate Judge, set a $50,000.00
bond, and appointment of counsel [Appropriately] id. by
the "Courts" on April 17th, 2012; thus, in and of itself, further
provides the "Ineffective Assistance of counsel" Accordingly
to the hospitalization of the (MRSA) infection that had
two surgeries in the due course of the isolation of
confinement at Parkland Memorial Hospital in which
the Relator was sexual Assaulted (SEE: CRAIN IV V. Menchaca,
et al. at civil case no. # 3:12-cv-4063-L (BF).) with the
seriousness of mental anguish, which the "Post ~ (P.T.S.D.)
~traumatic Stress Disorder" the petitioner see's a monthly
psychiatrist; and taken the medication (PROZAC), to be
able to maintain daily routine due to the time in ~
custody by "Dallas County Sheriff' Detention Bureau" at
Parkland Hospital [Room #716] from April 9th, 2012 to the
present day and time ... wherewith, on April 10th, 2012;
the Arresting officer (SEE: Exhibit "A") of the original offense
(Theft Material) id. goes before a different Magistrate
Judge with another peace officer (J.J. Hall) that sworn

C.C.RCtt

under the penalty of perjury to the (Add charge) Burglary of Building) in which changes the offense for the matter of law that deprived every legal right to the protection of due process; therefore, was Allowed to further violate the 5th, 6th, 8th, and 14th Amendments of Constitution and law(s) in accordance to the deprivation to the 6th ~ Amendment of the "Confrontation Clause" and the in depth "ineffective Assistance of Counseling" for the subjective components of the substantive due process claim of the 14th Amendment violation of procedural ~ proximately [CAUSATION] of the illegal conviction and/or Misconduct of "not been" legally Rearraigned, set a 'de novo' bond, which would have allowed an adequate opportunity to make under the guidelines of due process provisions; and, to Appropriately Arrange the necessary "Affirmative Defense" in "good~faith" in accordance of addressing Relator's "State-or-Condition of Mind" due to the "deliberate indifference" of medical care of [MALPRACTICE] by been sexual deprived while in custody of the improper treatment that tainted "All" decision making extremely to the "Malicious and Evil~ intents" from any official, especially, Attorney." "Although, the Appointed counsel (only) concern was a [PLEA BARGAIN AGREEMENT] of two (2) years in which the petitioner Requested (Respectfully) some help due to what has happen As well As (My) drug problem, which Rendered the "ineffective Assistance of Counseling" pursuant to the "Abusive tactics", "collateral Attack(s)", And "con conspiracy" with the prosecutor by which the conviction came "true"... whereof, on the date:

page 7 of 30.                                         C.C. RCII

August 9th, 2012 of the (PRETRIAL) Announcement the trial Attorney "KNEW" that the prosecutor had every intention to execute "MALICE PROSECUTION" by the use of the two (2) prior felony(s) conviction for enhancement proceedings And the trial Attorney shows "bad-faith" And "prejudice" in (Attorney~Client) Agreement pursuant to the "TEXAS LAWYER'S CREED~ A Mandate of Professionalism" that's~ govern by the "TEXAS Disciplinary Rules of Professional Conduct" at Rule 8.04; that has been "deprived" and "Violated" by Attorney... further, the provision of Chapter 12 (Tex. Code of Crim. Proc.) At Article 12.01 under "limitation And Venue" due to the Alleged (Forgery) at Cause No.# 0658113D, Jan. 24th, 1997 in Tarrant County, Texas of a five (5) year TDCJ*I.D. that was done 'day-for-day' under the TDC No.# 819161, in Accordance to the "IN LIMINE CLAUSE" of the ten (10) year statute of limitation guidelines of due process Rights; therein, deprives the adequate Rights·or·laws of the 5th Amendment's At trial by jury on August 13th And 14th, 2012." Thereby, the verdict of guilty came About at the "innocent/guilty" phase; however, trial counsel further violates the 6th Amendment of due process by Allowing Appellant to be taken out of the courtroom to be fingerprinted by two officers to prove the prior convictions out of Tarrant County, Texas in which made the following two (2) enhancement paragraphs of (Forgery) and (Robbery by threat) As "true" (see: Exhibit(s) B, C, D, And E; As well As F.) that which proves the Alleged co~conspiracy of the trial counsel And the prosecutor has Agreed upon to enhance the punishment As page 6 of 30.

C.C.RCII

well as offense without the appellant knowledge of the "deliberate intent" of the "unknown use due process claim" [deprivation] of the (State Jail) sentence to a (2) to (20) years punishment; whereas, the "ineffective ~ assistance of counsel" and "malice prosecution" of a collateral attack(s)... thereat, the implementation of the "ex post facto" and "double jeopardy" violations [clause] accordingly to the "abusive tactics" against appellant to receive the conviction; regardless the circumstances, i.e. rendering the ineffective ~ assistance of counseling at "direct appeal" that's in accordance to the 6th and 14th amendment violations as well as due process of law accordingly to the judgment (N/A) (see: exhibit G) of the Findings, conclusions, and Recommendation of the trial court No. #7 (i.d.). "which the appeal attorney had "Modified" while the original arresting charge of (Theft Material) still pending presently; and, accordingly to the legislative intent (law) of sentencing-or-punishment guidelines prescribe directly to the violation of protocol of the (#2011 legislation, Section #7, Acts 2011, 82nd Leg., ch. #834 (H.B. §3384) at Art. §12.42 of d. 5, (Eff. Sept. 1st, 2011) of the Art. §12.425 (b) Tex. Penal Code) punishment statutory of the appellant's trial for the (State Jail) offense at which acknowledges the deprivation of the 5th, 6th, 8th, and 14th amendments that has further been violated in accordance to the "ex post facto" and "double jeopardy clause (s) [i.d.] and/or laws at trial... meaning that the Fifth District Court of Appeals takes six (6) months to "Affirm"

page 7 of 30.

C.C. RCIV

and "Mandate" on Sept. 5th, 2014 (see: Exhibit "A"(2.)) an illegal "act-of-prejudice" to support said conviction due to Appeal attorney had to be notified to the point of the Appeal (was at the (Abated) stage (see: Exhibit "G"); whereas, it took appellant seven (7) months to be adequately transfered to the "Tex. Dept. of Criminal Justice-Institutional Division" due to the violations of relator's due process of right/law(s) in accordance to the original arresting offense (Theft Material) at Cause No.# F12-54214 in which has been pending illegally from April 7th, 2012~til~present date and time according to the policy/custom of departmental protocol in the proceedings of "records" and "regulations" at the "Dallas County Sheriff Detention Bureau" of the "Court" and "Administration(s) Division".... Wherewith, provides the adequate reason(s) why the relator has been litigating so extremely to prove "All" the improper violations of due process, constitutional, and how petitioner been subject to "double jeopardy" and "ex post facto" that has deprived every right, at law and in equity, through the "ineffective assistance of counsel(s)" and "abusive tactics" of collateral attacks within "malice prosecution" that's a genuine issue(s) for "Court of Criminal Appeals" to fulfill the lawful and adequately required "certiorari facias" in accordance to all the factual [Exhibits] and the appropriate [Attachments] enclosed; herein, which has provided (proof) of the controverted, previously unresolved facts to material for the legality of the

page 8 of 30.                                   C.C. RCIX

Appellant's illegal confinement, and the collateral consequence(s) resulting to attacks for penalties for repeat and/or Habitual felony offenders on trial for State Jail felony as the RELATOR." Thereafter, the basis of the [A/B] Habeas Corpus (Above) id. that seeked legal relief, which construed the "Mandamus ~ court" for further remedy(s) to the trial court, where [Motion (S)] alleged fundamental error in prosecutor's intent [Act's], specifically, imposition of illegal enhancement of sentence/punishment; and lack of evidence to support conviction as well as the "unlawful" (con-conspiracy) of trial Attorney and prosecutor in accordance with the Article § 12.35(A)(Tex. Code of Crim. Proc.); whereas, been sought "Court of Inquiry" as an "Certiorari" petition to enable inquiry into the missing stipulations, threats and/or agreements made at the "unknown use due process claim" violation(s) to obtain the statement as "true" by Appellant while the finger printing at [Exhibit D]. to the prior felony convictions out of Tarrant County jurisdiction [Venue] id. as "true".... wherewith, was effectively assisted by trial counsel due to the ~ deprivation to Relator's every Right(s) at due process and the violation of the 6th and 14th Amendments of the United States constitution and laws as well as the "Tex. Disciplinary Rules of Professional conduct" at Rule § 8.04, and the "Tex. Lawyer's Creed ~ A Mandate of Professionalism" that been (Revised) March 13th, 2013 due to Texas Attorney's "Abusive tactics"; and, the same illegal act's; herein, At constitutional ~

page 9 of 30.

C. C. Reid

deprivation of that protection and equality."

FURTHERMORE, the factual findings to the evolvement of the prerogative for the demand that the necessary records be "CERTIFIED" and sent to properly accommodate "All" the genuine material of evidence to thus "WRIT OF CERTIRARI" for the discretionary review, as a whole for an appropriate REMEDY(s) in accordance to the [INFERIOR] of the Court (id.) had exceeded its power due to this particular CASE(s) for adequate discretion by the (Chief Justice) of the "Court of CRIMINAL Appeals" to direct accordingly to the constitution, legislative intent, law's, and thus "CERTIORARI FACIAS" requests to rectify the MEANS of justice."

## Conclusion

Pursuant to prior enhancement conviction of (FORGERY) that the adequate date of commission is Jan. 24th, 1999 under the CAUSE NO.# 0658113D at Tarrant County, Tx in which was a five (5) years (TDCJ*I.D.) sentence and punishment that wasn't never granted "PAROLE"-NOR- "MANDATORY SUPERVISION RELEASE" due to, was fulfilled 'day-for-day', with the providing of ALL "civil RIGHTS" granted to vote; etc. (SEE: CONST., by laws, and due PROCESS) by which the ten (10) year Statutory of limitation applies, by law and in equity, which is justly entitled to RELATOR accordingly to commission at "limitation and VENUE" of chapter 12, Article§12.01(2)(c) (TEX. Code CRIM. PROC.) in accordance to the TDC No.# 819161 that the RANGE of the encaptioned conviction from Article§12.35 (A) to §12.425 (TEX. PenAl Code)

page 10 of 30.                                                    C.C.Rett

bar's the legal ability(s) to be implemented AS AN ~ ENHANCEMENT; OR, at any degree that has been improperly obtained and procedure of the legislative intent [Act] id. due to petitioner's grounds raised pursuant to thus "CERTIORARI" petition. (SEE: Attachment I.)

Respectfully Submitted,

RUBIN CRAIN IV

RELATOR (PRO SE)

## UNSWORN DECLARATION

"I, RUBIN CRAIN IV, #1987012, being presently incarcerated in the Holliday T.F., Huntsville, Texas, (NF/092), do hereby declare under penalty of perjury that the Above and foregoing is true And correct. Executed on 26th day of JUNE ,2018."

## CERTIFICATION OF SERVICE

Pursuant to the adequate service of this certification that "I" respectfully provided to the: Honorable "Clerk" of the Court of Criminal Appeals, in Austin, Texas in Accordance to file, process, And via * email to "All" parties involved due to matter of law... pursuant to RULE § 72, AND RULE § 211 to leave to file; accordingly.

Respectfully,

RUBIN CRAIN IV

C.C. RCIV

F1254318-7      Exhibit "A"

***************************************************************
04/10/12 1007            DALLAS POLICE DEPARTMENT            PAGE 01
***************************************************************

SERVICE#: 00832972        ARREST#: 12-017426      ** ADD CHARGE **

AFFIDAVIT FOR ARREST WARRANT      COUNTY OF DALLAS      STATE OF TEXAS

BEFORE ME, THE UNDERSIGNED AUTHORITY, ON THIS DAY PERSONALLY
APPEARED THE UNDERSIGNED AFFIANT WHO, AFTER BEING DULY SWORN BY ME, ON
OATH STATED: MY NAME IS _____ J.J. HAll _____ AND I AM A PEACE
OFFICER OF THE CITY OF DALLAS, DALLAS COUNTY, TEXAS. I, THE AFFIANT,
HAVE GOOD REASON AND DO BELIEVE THAT ON OR ABOUT 07 APRIL    2012  ONE
CRAIN, RUBIN, IV,                DID THEN AND THERE IN THE CITY OF DALLAS,
DALLAS COUNTY, TEXAS COMMIT THE OFFENSE(S) OF:

      BURG/BLDG                SJ  30.02        00832972

AFFIANT'S BELIEF IS BASED UPON THE FOLLOWING FACTS AND INFORMATION:

MCMILLIN, ROBERT KENN___ 7246 , A FELLOW PEACE OFFICER OF THE CITY OF
DALLAS, DALLAS COUNTY, TEXAS, WHO PERSONALLY PARTICIPATED IN THE
INVESTIGATION OF THESE ALLEGED OFFENSE(S), PROVIDING THIS INFORMATION TO
AFFIANT, AND WHOSE INFORMATION AFFIANT BELIEVES TO BE CREDIBLE.

ON APRIL 07, 2012 AT ABOUT 1115 A.M. OFFICER(S) MCMILLIN, ROBERT KENN # 7246
AND DE LA CRUZ, JOSE # 8862 RESPONDED TO A CALL FROM THE POLICE DISPATCHER
REGARDING THE BURGLARYTO COMMIT THEFT OF COPPER AT 919 MORRELL AVE DALLAS,
DALLAS COUNTY, TEXAS.


CHARGE DESCRIPTION:      BURG/BLDG

ON 4/07/12 AT ABOUT 10:30 AM.  THE RP, WHO IS A DEACON FOR THE CHURCH,
CAME BY TO DO SOME WORK. THE RP SAW A BUCKET LYING IN THE ALLEY
BEHIND THE CHURCH.   THE RP FURTHER OBSERVED WATER COMING FROM A CLOSED
DOOR. THE RP CALLED FOR POLICE.OFFICERS ARRIVED AND BEGAN A SEARCH OF
THE BUILDING. OFFICERS OBSERVED THE MAINTENENCE DOOR OPEN AND FURTHER
OBSERVED THE AP'S FEET STICKING OUT FROM UNDER THE DOOR.  THE AP THEN
RAN BACK FURTHER INTO THE MAINTENANCE ROOM AND ATTEMPTED TO HIDE.THE
OFFICERS ORDERED THE SUSPECT OUT AT GUNPOINT AND PLACED HIM INTO CUSTODY
.  THE SUSPECT MADE THE RES GESTATE STATEMENT "I DIDNT BREAK IN I FOUND
IT OPEN. HE ALSO MADE THE STATEMENT" I WAS JUST GOING TO GO IN AND SEE
IF I COULD FIND SOMETHING LITTLE TO RECYCLE." THE OFFICERS OBSERVED
SEVERAL CUT RECENTLY CUT GAS AND WATER COPPER PIPES INSIDE THE ROOM.
THE SUSPECT WAS PLACED IN LEW STERRET JAIL.  ADD CHARGE BURGLARY OF A
BUILDING, STATE JAIL FELONY, CJISS #22990001.

F-1254318

(12.)

C.C.RCIV

SERVICE#: 0083297Z        ARREST#: 12-017426      ** ADD CHARGE **

AFFIDAVIT (CONTINUED)

_____WHEREFORE AFFIANT REQUESTS THAT AN ARREST
            AFFIANT                WARRANT BE ISSUED FOR THE ABOVE ACCUSED
                                   INDIVIDUAL IN ACCORDANCE WITH THE LAW.

SUBSCRIBED AND SWORN TO BEFORE ME ON
DATE:_____APR 10 2012_____      _____
                                    MAGISTRATE

```
**********************************************************************
```

page 2 of 2.

F-1254318

c.c. RCII

(13.)

Exhibit "A" (2.)



# Court of Appeals
## Fifth District of Texas at Dallas

### MANDATE

**TO THE CRIMINAL DISTRICT COURT NO. 7 OF DALLAS COUNTY, GREETINGS:**

Before the Court of Appeals for the Fifth District of Texas, on the 31st day of March, 2014, the cause on appeal to revise or reverse the judgment between

| | |
|---|---|
| RUBIN CRAIN, Appellant | On Appeal from the Criminal District Court No. 7, Dallas County, Texas |
| No. 05-12-01219-CR      V. | Trial Court Cause No. F12-54318-Y. |
| | Opinion delivered by Justice Lang.   Justices |
| THE STATE OF TEXAS, Appellee | Moseley and Brown participating. |

was determined; and this Court made its order in these words:

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect the findings on the 1st Enhancement Paragraph and the 2nd Enhancement/Habitual Paragraph as "TRUE."

As **MODIFIED**, we **AFFIRM** the trial court's judgment.

**WHEREFORE, WE COMMAND YOU** to observe the order of the Court of Appeals for the Fifth District of Texas, in this behalf, and have it duly obeyed and executed.

**WITNESS** the HON. CAROLYN WRIGHT, Chief Justice of the Court of Appeals, with the Seal thereof affixed, at the City of Dallas, this 5th day of September, 2014.

_____
LISA MATZ, Clerk

* Solo page *

C.C.RCII

(14.)



# ARRAIGNMENT SHEET



Book-in No. 12023660
LAI No.    835222

Black        Male        05/25/1969

The State of Texas, County of Dallas

I, _____Janet Lusk_____, of Dallas County, Texas, sitting as a Magistrate, do hereby certify that on this, the _7_ day of _____April_____, 2012 at _7:42 PM_, sitting at 111 Commerce, City of Dallas, Dallas County, Texas appeared _____RUBIN CRAIN_____, being a person under arrest, and that I have in clear language informed the person arrested of the accusation against him and of any Affidavit filed herewith, and of his right to retain counsel, and of his right to the appointment of counsel if he is indigent and cannot afford counsel, and of his right to remain silent, and of his right to have an attorney present during any interview with peace officers or attorneys representing the State, and of his right to terminate the interview at any time, and of his right to have an examining trial.

I informed the person arrested that he does not have to make any statement at all, and that any statement made by him may be used in evidence against him on his trial for the offense concerning which the statement is made.

I informed the person arrested that reasonable time and opportunity would be allowed him to consult counsel and of his rights to bail if allowed by law.

I also informed the person arrested that if he is not a citizen of the United States that he may have the right to contact consular officials from his country and that if he is a citizen of certain countries that consular officials would be notified of this arrest without further action required on his part.

☑ The person arrested stated that he is a citizen of the United States of America

| Offense(s): | Cause No. | Agency Name | Bond Amount | |
|---|---|---|---|---|
| THEFT MATERIAL 50% ALUM/BRNZE/COPPER <$20K | F1254214 | Dallas Police | $50,000.00 | Cash/Sur |

Remanded to custody of _____DSO_____ in witness whereof, I have subscribed my name
this the _7_ day of _____April_____, 2012.

_Janet N Lusk_
Magistrate        Dallas County, Texas

Page 1 of 1

*Solo pAgE*

C.C.RcII

(15)

# INSTRUCTIONS RELATING TO
# PRELIMINARY INITIAL APPEARANCE



Cause No. **F1254214**

Offense:   **THEFT MATERIAL 50%**
**ALUM/BRNZE/COPPER <$20K ENH**

The State of Texas
vs.
**RUBIN CRAIN**

On this date appeared _____ **RUBIN CRAIN** _____, hereafter referred to as defendant, who makes his initial appearance in connection with the above numbered cause. At this appearance a hearing was held, at which the following took place:

1.  Defendant was informed as provided in Art. 15.17 CCP.

2.  Bail was set in the amount of $ **$50,000.00**

3.  All  felony  charges associated with this arrest are assigned to and shall be filed in _____ **Jeanine Howard** _____ Court, **Criminal District Court No. 6 (FX)**

Copies of these instructions served on defendant and transporting officer on this __7__ day of _____ **April** _____, 20 **12**.

PAGE 1 of 2.                    (16.)                    C. C. RCTV

Cause#___F1254214___   **ELECTION OF COUNSEL**   Special Needs:_____

Name:_____RUBIN CRAIN_____ DOB: 05/25/1969 Sex: M Race: B

## Select and initial one:

_____NO, I DO NOT WANT AN APPOINTED LAWYER. I have been warned by the magistrate that I have the right to request a determination of indigency to decide whether I am entitled to the appointment of a lawyer and I understood the warnings given to me by the magistrate. I will hire my own lawyer.

_____YES, I DO WANT AN APPOINTED LAWYER. I have been advised by the magistrate of my right to representation by counsel in the trial of the charge against me. I certify that I am without means to employ a lawyer of my own choosing and I now request the court to select and appoint a lawyer for me. I understand that I may be required to repay Dallas County for a court-appointed lawyer.

My total monthly income, including spouse's income, SSI, child support, disability or other is:
$_____

The total value of my assets, including house, cars, cash, stocks, bonds or other is:
$_____

I swear that the above information is true and correct.

*All information is subject to verification. Falsification of information is a criminal offense.*

_____   4/7/12
Arrested Person                              Date

PAGE 2 of 2.                    (17.)                    C. C. RCII





In The
# Court of Appeals
## Fifth District of Texas at Dallas

---

### No. 05-14-01623-CV

---

### IN RE RUBIN CRAIN IV, Relator

---

### Original Proceeding from the Criminal District Court No. 7
### Dallas County, Texas
### Trial Court Cause No. F12-54318-Y

---

## MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and Stoddart
Opinion by Justice Myers

Relator files this petition for writ of mandamus contending the trial court had no jurisdiction to enhance the offense for which he was convicted, the procedure used to enhance his offense was illegal, he was denied effective assistance of counsel and his conviction violated the prohibition against ex post facto laws and the prohibition against double jeopardy.[1] Each of these contentions represents a collateral attack on relator's judgment of conviction.

---

[1] The Texas Rules of Appellate Procedure include specific requirements concerning the form and contents of a petition for writ of mandamus and relator's petition does not comply with those requirements. TEX. R. APP. P. 52.3. Relator does not certify his petition as required by rule 52.3(j) and he has not provided a mandamus record as required by rule 52.3(k) and 52.7. Although the deficiencies in relator's petition would in themselves constitute sufficient reason to deny mandamus relief, we address our jurisdiction *sua sponte*, as we must. *M.O. Dental Lab. v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam) (court must review *sua sponte* issues affecting jurisdiction.)

C.C. RCIV

The only proper means of collaterally attacking a final felony conviction is via petition for writ of habeas corpus under article 11.07 of the code of criminal procedure. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (West Supp. 2014) ("After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner."); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (in granting writ of mandamus to vacate judgment of conviction, court of appeals usurped the exclusive authority of court of criminal appeals to grant post-conviction relief). This Court has no jurisdiction over complaints that should be raised by post-conviction habeas corpus proceedings brought under article 11.07. *See* TEX. CODE CRIM. P. ANN. arts. 11.05, 11.07 (West 2005 & Supp. 2014). Accordingly, we **DISMISS** the petition for want of jurisdiction.

_____
LANA MYERS
JUSTICE

141623F.P05

-2-  C.C.RCTV

EP

DEFENDANT  Crain, Rubin Iv                          B  M  05251969  CHARGE  BURG BLDG

AKA:

ADDRESS     907 Gaynor Ave, Duncanville, Tx                LOCATION  DSO

FILING AGENCY  TXDPD0000  DATE FILED  April 17, 2012              COURT      CDC 7

COMPLAINANT  Castleberry, Richard                      F-1254318        VT#:

C/C

Testifying Witnesses: _____

## TRUE BILL INDICTMENT

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:  The Grand Jury of

Dallas County, State of Texas, duly organized at the _____January_____ Term, A.D., ___2012___ of the

_____265th Judicial District Court_____, Dallas County, in said Court at said

Term, do present that one          **CRAIN, RUBIN IV**          , Defendant,

On or about the     7 th   day of April A.D., 2012          in the County of Dallas and said State, did

unlawfully, intentionally and knowingly enter a building not then and there open to the public, without the
effective consent of RICHARD CASTLEBERRY, the owner thereof, with the intent to commit theft,

2012 MAY 10  PH 2:01  FILED
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO. TEXAS
_____ DEPUTY

against the peace and dignity of the State.

**CRAIG WATKINS**
_____
Criminal District Attorney of Dallas County, Texas

_____
Foreman of the Grand Jury.

                              COURT

*Solo page*

(18.)

C.C. RCII

Exhibit "C"

Order entered January 7, 2014



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-01623-CV

## IN RE RUBIN CRAIN IV, Relator

Original Proceeding from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause No. F12-54318-Y

## ORDER

Based on the Court's opinion of this date, we **DISMISS** the petition for writ of mandamus. We **ORDER** relator to bear the costs of this original proceeding.

/s/    LANA MYERS
          JUSTICE

C. C. RCIV

## JUDGMENT
## CERTIFICATE OF THUMBPRINT

**THE STATE OF TEXAS**

**CAUSE NO. F** 1254318 **-Y**

**VS.**

**CRIMINAL** **DISTRICT COURT #7**

Crain IV, Robin

**DALLAS COUNTY, TEXAS**

**RIGHT THUMB**

**DEFENDANT'S** _Rt_ **HAND**

**THIS IS TO CERTIFY THAT THE FINGERPRINTS ABOVE ARE THE ABOVE-NAMED DEFENDANT'S FINGERPRINTS TAKEN AT THE TIME OF DISPOSITION OF THE ABOVE STYLED AND NUMBERED CAUSE.**

**DONE IN COURT THIS** 14th **DAY OF** August **,20** 12 **.**

_R. mtg #794_
**BAILIFF/DEPUTY SHERIFF**

*****INDICATE HERE IF PRINT OTHER THAN DEFENDANT'S RIGHT THUMBPRINT IS PLACED IN BOX:**

_____ **LEFT THUMBPRINT** _____ **LEFT/RIGHT INDEX FINGER**

_____ **OTHER,** _____

**SIGNED AND ENTERED ON THIS** 14th **DAY OF** August **,20** 12 **.**

_Michael R. Snipes_
**PRESIDING JUDGE**

page 1 of 2.

c.c. Rett 51

(19.)

Exhibit "D"

No. F12-543-18

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| | § | |
| VS. | § | DISTRICT COURT #7 |
| | § | |
| RUBIN CRAIN | § | DALLAS COUNTY, TEXAS |
| | § | |
| | § | JULY TERM, 2012 |

## NOTICE OF INTENT TO ENHANCE PUNISHMENT RANGE
## WITH PRIOR FELONY CONVICTIONS

NOW COMES THE STATE OF TEXAS, by and through its Assistant Criminal District Attorney ANGEL MATA and notifies the defense, by and through his counsel, the following enhancement paragraphs with which the State of Texas intends to arraign Defendant at the punishment phase of his trial:

**#1**

Prior to the commission of the offense set out above, the defendant was finally convicted of the felony offense of **Robbery by Threat, in the Criminal District Court Number Two of Tarrant County, Texas, in cause number 1067954D, on the 30th day of May 2008.** 17th 2007 4 yr. TDC Sentence

Prior to the commission of the offense set out above, the defendant was finally convicted of the felony offense of **Burglary of a Building, in the Criminal District Court Number One of Tarrant County, Texas, in cause number 1024047W, on the 23rd day of June, 2006.**

Prior to the commission of the offense set out above, the defendant was finally convicted of the felony offense of **Robbery, in the Criminal District Court Number Four of Tarrant County, Texas, in cause number 0393352W, on the 4th day of January 1990.**

**#2**

Prior to the commission of the offense set out above, the defendant was finally convicted of the felony offense of **Forgery in the Criminal District Court Number 213 of Tarrant County, Texas, in cause number 0658113D 20th day of January 1995.** 24th 1997 5 yr. TDC Sentence

Prior to the commission of the offense set out above, the defendant was finally convicted of the felony offense of **Theft Under $1500 and Two Prior Convictions, in the Criminal District Court Number Four of Tarrant County, Texas, in cause number 0994038W, on the 14th day of October 2005.**

Prior to the commission of the offense set out above, the defendant was finally convicted of the felony offense of **Possession of Controlled Substance, in the Criminal District Court Number Four of Tarrant County, Texas, in cause number 0371975, on the 4th day of January 1990.**

Page 2 of 2.

C.C.RGV

20

(20.)



Cause Number: F12-543-18

| THE STATE OF TEXAS | * | IN THE CRIMINAL |
|---|---|---|
| VS. | * | DISTRICT COURT #7 |
| RUBIN CRAIN | * | DALLAS COUNTY, TEXAS |

## STIPULATION OF EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes RUBIN CRAIN, Defendant in the above-entitled and numbered cause, in open Court, and with the consent and advice of David Wright, the Defendant's attorney of record, enters into this Stipulation of Evidence with the State of Texas as represented by her District Attorney Craig Watkins through Assistant Criminal District Attorney Angel Mata.

I.

It is hereby agreed and stipulated by all parties that if Deputy Washington were called as a witness for the State, she would testify as follows:

That she is employed by the Dallas Sheriffs Department. She has completed the necessary training and education and has experience in the field of latent fingerprints. Deputy Washington would have compared prints lifted from Defendant with fingerprints attached to prior certified conviction with Rubin Crain as the Defendant.

That the comparison techniques utilized regarding latent and rolled fingerprints are readily accepted and commonly practiced in the law enforcement community.

II.

It is hereby agreed and stipulated by all parties that if Deputy Washington were called as a witness for the State, she would testify:

The above named Defendant, Rubin Crain, is one and the same individual who was charged with, adjudicated and convicted of the following offenses:

STATE'S
EXHIBIT
PENGAD 800-831-6989
8/14/12

1

page 1 of 2.

(21.)

C.C.REV

In Tarrant County, Texas on or about January 28, 1998, the Defendant was convicted of Theft, Cause No. 0662025, styled State of Texas v. Rubin IV Crain.

In Tarrant County, Texas on or about January ~~28~~ 24th 1997, ~~1997~~, the Defendant was convicted of Forgery by Possession, Cause No. 0658113D, styled State of Texas v. Rubin IV Crain.   *5 yr. Sentence*

In Tarrant County, Texas on or about November 18, 2004, the Defendant was convicted Theft, Cause No. 00955811, styled State of Texas v. Rubin IV Crain.

In Tarrant County, Texas on or about October 14, 2005, the Defendant was convicted of Theft, Cause No. 0994038W, styled State of Texas v. Rubin IV Crain.

In Tarrant County, Texas on or about May 12, 2006, the Defendant was convicted of Criminal Mischief Cause No. 1019904, styled State of Texas v. Rubin IV Crain.

In Tarrant County, Texas on or about June 23, 2006, the Defendant was convicted of Burglary of a Building, Cause No. 1024047W, styled State of Texas v. Rubin IV Crain.

In Tarrant County, Texas on or about March 21, 2007, the Defendant was convicted of Possession of Marijuana, Cause No. 1057935, styled State of Texas v. Rubin IV Crain.

In Tarrant County, Texas on or about May ~~30~~ 17th, ~~2008~~ 2007, the Defendant was convicted on Robbery by Threats, Cause No. 1067954D, styled State of Texas v. Rubin IV Crain.   *4 yr. Sentence*

### III.

It is further understood by the undersigned Defendant that he has the absolute right to confront and cross-examine this witness as to the stipulated testimony. The Defendant wishes to freely and voluntarily waive the right to confront and cross-examine this witness and agrees that the witness's testimony may be read into the record as stipulated above.

So Stipulated and agreed to this 13th day of August, A.D. 2012.

Craig Watkins
Criminal District Attorney
Dallas County, Texas

Angel Mata
Assistant District Attorney
Bar No.24063940

*page 2 of 2.*

*C.C. Rctf*

*(22.)*

 

Exhibit "F"

CASE NO. F-1254318-Y
INCIDENT NO./TRN: 9175949849

| THE STATE OF TEXAS | § | IN THE CRIMINAL DISTRICT |
|---|---|---|
| | § | |
| V. | § | COURT #7 |
| | § | |
| RUBIN CRAIN | § | DALLAS COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX04292796 | § | |

## JUDGMENT OF CONVICTION BY JURY

| | | |
|---|---|---|
| Judge Presiding: | HON. Michael R. Snipes | Date Judgment Entered: **8/14/2012** |
| Attorney for State: | Laquita Long | Attorney for Defendant: **David Wright** |

Offense for which Defendant Convicted:
**BURGLARY OF BUILDING**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **30.02 Penal Code** |

Date of Offense:
**4/7/2012**

| Degree of Offense: | Plea to Offense: |
|---|---|
| **STATE JAIL FELONY** | **NOT GUILTY** |

| Verdict of Jury: | Findings on Deadly Weapon: |
|---|---|
| **GUILTY** | **N/A** |

| Plea to 1st Enhancement Paragraph: **TRUE** | Plea to 2nd Enhancement/Habitual Paragraph: **TRUE** |
|---|---|
| Findings on 1st Enhancement Paragraph: **N/A** | Findings on 2nd Enhancement/Habitual Paragraph: **N/A** |

| Punishment Assessed by: | Date Sentence Imposed: | Date Sentence to Commence: |
|---|---|---|
| **JURY** | **8/14/2012** | **8/14/2012** |

| Punishment and Place of Confinement: | **10 YEARS INSTITUTIONAL DIVISION, TDCJ** |
|---|---|

THIS SENTENCE SHALL RUN **CONCURRENTLY.**

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR **N/A** .

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ **N/A** | $ **239** | $ **N/A** | (see below) ☐ AGENCY/AGENT ☐ VICTIM |

☐ Attachment A, Order to Withdraw Funds, is incorporated into this judgment and made a part hereof.

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62.

The age of the victim at the time of the offense was **N/A** .

If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order.

Time Credited:
From 4/7/2012 to 8/14/2012    From   to     From   to

From   to    From   to    From   to

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

**N/A DAYS**    NOTES: **N/A**

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Dallas County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.



It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The INDICTMENT was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.

The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and defense counsel, if any.

The Court received the verdict and ORDERED it entered upon the minutes of the Court.

### Punishment Assessed by Jury / Court / No election (select one)

☒ **Jury.** Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☐ **Court.** Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election.** Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Dallas County, Texas on the date the sentence is to commence. Defendant shall be confined in the Dallas County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Dallas County District Clerk Felony Collections Department. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court ORDERS Defendant to proceed immediately to the Office of the Dallas County District Clerk Felony Collections Department. Once there, the Court ORDERS Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence (select one)

☒ The Court ORDERS Defendant's sentence EXECUTED.

☐ The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

**Signed and entered on August 14, 2012**

X _Michael R. Snipes_

Michael R. Snipes
JUDGE PRESIDING

Clerk: R.BODY

*Thumbprint Certification attached.

PAGE 2 of 2.

crain,f-1254318

Right Thumbprint*

Page 2 of 4    G.C.REII    50

(24.)



Order entered March 27, 2013



In The
## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-12-01219-CR

RUBIN CRAIN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause No. F12-54318-Y

## ORDER

The Court **ORDERS** the trial court to conduct a hearing to determine why appellant's brief has not been filed. In this regard, the trial court shall make appropriate findings and recommendations and determine whether appellant desires to prosecute the appeal, whether appellant is indigent, or if not indigent, whether retained counsel has abandoned the appeal. *See* TEX. R. APP. P. 38.8(b). If the trial court cannot obtain appellant's presence at the hearing, the trial court shall conduct the hearing in appellant's absence. *See Meza v. State*, 742 S.W.2d 708 (Tex. App.–Corpus Christi 1987, no pet.) (per curiam). If appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel.

page 1 of 3.

(25.)

C.C.RCM

We **ORDER** the trial court to transmit a record of the proceedings, which shall include written findings and recommendations, to this Court within **THIRTY DAYS** of the date of this order.

This appeal is **ABATED** to allow the trial court to comply with the above order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/    DAVID EVANS
JUSTICE

Exhibit "G"

Order entered April 30, 2013



In The

# Court of Appeals
## Fifth District of Texas at Dallas

---

### No. 05-12-01219-CR

---

### RUBIN CRAIN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the Criminal District Court No. 7
Dallas County, Texas
Trial Court Cause No. F12-54318-Y**

---

## ORDER

The Court **REINSTATES** the appeal.

On March 27, 2013, we ordered the trial court to make findings regarding why appellant's brief had not been filed. On April 25, 2013, we received appellant's brief, together with an extension motion. Therefore, in the interest of expediting the appeal, we **VACATE** the March 27, 2013 order requiring findings.

We **GRANT** the April 25, 2013 extension motion and **ORDER** appellant's brief filed as of the date of this order.

/s/    DAVID EVANS
       JUSTICE

PAGE 3 of 3

(27.)

C.C.Rait

# STATE BAR OF TEXAS





*Office of the Chief Disciplinary Counsel*

June 3, 2015


Rubin Crain IV
Inmate #: 1987012 /#F2-28T(NF/092)
Holliday Unit 295 IH 45 North
Huntsville, TX 77320

Re: 201501735 - Rubin Crain, IV - David Chris Wright

Dear Mr. Crain:

Your request to appeal the classification decision in the above-referenced matter was received and has been forwarded to the Board of Disciplinary Appeals for their review.

The Board of Disciplinary Appeals will notify you of its decision and any further action to be taken.

Sincerely,

K.W. Morgan
Assistant Disciplinary Counsel

KM/ss

＊Solo pAgε＊

c. c. Rετ⎺

P. O. Box 12487, Austin, TX 78711, (512) 427-1350, (877) 953-5535, fax: (512) 427-4167

(28.)

# C L COWAN & LEMMON, L.L.P.

THOMAS C. COWAN±
J. ROSLYN LEMMON±
PHILIP E. RESO
LEAH T. THERIO

tcowan@cowanlemmon.com
Direct Dial: 504-593-4407

650 POYDRAS STREET, SUITE 2315
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: (504) 527-6226
FACSIMILE: (504) 527-0801

OF COUNSEL:
HARRY T. LEMMON

April 2, 2014

Rubin Crain, IV
#12023660
Dallas County Jail - 2
PO Box 660334
Dallas, TX 75266-0334

> Re: Cause No. 3:12-cv-04063-L-BF, U.S. District Court for the
> Northern District of Texas, Dallas Division
> Rubin Crain, IV v. Cesar Augusto Menchaca, et al

Dear Mr. Crain:

On March 24, 2014 we sent you a new medical authorization requested by Dallas County Hospital District d/b/a Parkland Health & Hospital System allowing us to speak to your healthcare providers to obtain affidavits or depositions in order to proceed in this matter. To date we have not received the executed authorization from you. It is imperative that we obtain this authorization in order to move this matter forward.

For your convenience I am resending the authorization. Please sign where indicated and place the original in the enclosed self-addressed stamped envelope to me as soon as possible. Your cooperation will hasten bringing this matter to a conclusion.

Very truly yours,

Thomas C. Cowan

TCC/maw
Enclosure
cc:    Winston Borum Esq. (via email)

RIVER PARISHES OFFICE: 15068 RIVER RD., P.O. BOX 1030, HAHNVILLE, LOUISIANA 70057  ±LICENSED IN LOUISIANA AND TEXAS
TELEPHONE: (985) 783-9849    FACSIMILE: (985) 783-9864
HOUSTON OFFICE:    1301 MCKINNEY STREET, SUITE 2700, HOUSTON, TEXAS 77010
TELEPHONE: (713) 961-1222    FACSIMILE: (713) 961-1234

*Solo page*

(29.)

# Borum & Hancock, L.L.P.

ATTORNEYS AND COUNSELORS AT LAW
2485 BURNETT PLAZA
801 CHERRY ST., UNIT # 14
FORT WORTH, TX 76102
PHONE 817.336.4100
METRO 972.263.7575
FAX 817.336.4141

Winston L. Borum
borum@borumhancock.com

August 23, 2013

U.S. Magistrate Judge Paul D. Stickney
Northern District of Texas
Dallas Division
1100 Commerce Street, Room 1611
Dallas, Texas 75242-1003

> Re:  Cause No. 3:12-cv-04063-L-BF, United States District Court for the Northern
> District of Texas, Dallas Division
> Rubin Crain, IV v. Cesar Augusto Menchaca, et al

Dear Judge Stickney:

In accordance with the Judges' Copy Requirements for Electronic Filing which states that you are to receive paper copies of all filings, enclosed please find a copy of DEFENDANT PARKLAND HOSPITAL'S RESPONSE IN OBJECTION TO PLAINTIFF'S THIRD MOTION FOR DISCOVERY which was e-filed today.

With best regards, I am,

Yours very truly,

Winston L. Borum
by MS

Winston L. Borum

Enclosure
cc:  Rubin Crain, IV (w/encl)                    via CM, RRR 70103090000338154475
     Thomas Clifton Cowan (w/o encl.)            via email

Judge Stickney3/215-3096 *Solo page*

C.C. RCIV

(30.)



(31)

*Attachment IV.* **Incident Detail Report**

"The 6th And 14th Amendment (S) violation Alone... thankyou, Sir?"

Data Source: **Data Warehouse**
Incident Status: **Closed**
Incident number: 2012064473
Incident Date: **4/7/2012 11:36:14**
Last Updated: **4/2/2015 10:27:56**

| | | | |
|---|---|---|---|
| **Incident Type:** | 1EN | **Alarm Level:** | 1 |
| **Priority:** | Emergency | **Problem:** | 12 - Natural Gas Leak |
| **Determinant:** | | **Agency:** | Fire |
| **Base Response#:** | 04072012-0089852 | **Jurisdiction:** | Dallas Fire |
| **Confirmation#:** | | **Division:** | Dallas Fire |
| **Taken By:** | FLIPPIN, WALTER M | **Battalion:** | Dallas Fire |
| **Response Area:** | DAL | **Response Plan:** | *DFR-1EN |
| **Disposition:** | | **Command Ch:** | |
| **Cancel Reason:** | | **Primary TAC:** | |
| **Incident Status:** | Closed | **Secondary TAC:** | |
| **Certification:** | | **Delay Reason (if any):** | |
| **Longitude:** | 96809771 | **Latitude:** | 32739140 |

| | | | |
|---|---|---|---|
| **Location Name:** | | **County:** | DALLAS |
| **Address:** | 919 Morrell Ave | **Location Type:** | |
| **Apartment:** | | **Cross Street:** | HARLANDALE AVE/FERNWOOD AVE |
| **Building:** | | **Map Reference:** | 55-E |
| **City, State, Zip:** | Dallas TX 75203 | | |

| | | | |
|---|---|---|---|
| **Caller Name:** | | | |
| **Method Received:** | Telephone | **Call Back Phone:** | 9 |
| **Caller Type:** | | **Caller Location:** | |

| Time Stamps | | | | Elapsed Times | |
|---|---|---|---|---|---|
| **Description** | **Date** | **Time** | **User** | **Description** | **Time** |
| **Phone Pickup** | 4/7/2012 | 11:36:12 | | | |
| **1st Key Stroke** | 4/7/2012 | 11:36:14 | | **Received to In Queue** | 00:00:28 |
| **In Waiting Queue** | 4/7/2012 | 11:36:42 | | **Call Taking** | 00:00:42 |
| **Call Taking Complete** | 4/7/2012 | 11:36:56 | FLIPPIN, WALTER M | **In Queue to 1st Assign** | 00:00:02 |
| **1st Unit Assigned** | 4/7/2012 | 11:36:44 | | **Call Received to 1st Assign** | 00:00:32 |
| **1st Unit Enroute** | 4/7/2012 | 11:37:36 | | **Assigned to 1st Enroute** | 00:00:52 |
| **1st Unit Arrived** | 4/7/2012 | 11:40:19 | | **Enroute to 1st Arrived** | 00:02:43 |
| **Closed** | 4/7/2012 | 11:50:24 | VisiNetMobileInterface | **Incident Duration** | 00:14:12 |

| Unit | Assigned | Disposition | Enroute | Staged | Arrived | At Patient | Delay Avail | Complete | Odm. Enroute | Odm. Arrived | Cancel Reason |
|---|---|---|---|---|---|---|---|---|---|---|---|
| EN23 | 11:36:44 | | 11:37:36 | | 11:40:19 | | | 11:50:24 | | | |

**No Personnel Assigned**

**No Pre-Scheduled Information**

Note: "New Founded evidence, And/or "unknown use of due process claim"; And the proof of further ineffective assistance... wherewith, does support the true Allegations in accordance to Rule 8.04 of the Tex. Disciplinary Rules of Professional Conduct that my lawyer violated."

**No Transports Information**

**No Transports Information**

| Date | Time | User | Type | Conf. | Comments |
|---|---|---|---|---|---|
| 4/7/2012 | 11:36:42 | ▮ | Response | | CALL CAME FROM DPD///CUT OFF GAS |

**No Address Changes**

C.C. Pratt

**No Priority Changes**

| Date | Time | User | Change to Alarm |
|------|------|------|-----------------|
| 4/7/2012 | 11:36:44 | | 1 |

**No Call Activity**

| Date | Time | Field | Changed From | Changed To | Reason | Table | Workstation | User |
|------|------|-------|--------------|-----------|--------|-------|-------------|------|
| 4/7/2012 | 11:36:20 | Address | (Blank) | 919 MORRELL | New Entry | Response_Master_Incident | CADDFRF289 | |
| 4/7/2012 | 11:36:21 | Longitude | 0 | 96809771 | Entry Verified | Response_Master_Incident | CADDFRF289 | |
| 4/7/2012 | 11:36:21 | Latitude | 0 | 32739140 | Entry Verified | Response_Master_Incident | CADDFRF289 | |
| 4/7/2012 | 11:36:21 | Address | 919 MORRELL | 919 MORRELL AVE | Entry Verified | Response_Master_Incident | CADDFRF289 | |
| 4/7/2012 | 11:36:28 | MethodOfCa | | Telephone | (Response Viewe | Response_Master_Incident | CADDFRF289 | |
| 4/7/2012 | 11:36:42 | Caller_Bui | | 152509 | Polygon Lookup | Response_Master_Incident | CADDFRF289 | |
| 4/7/2012 | 11:36:42 | Map_Info | | 55-E | | Response_Master_Incident | CADDFRF289 | |
| 4/7/2012 | 11:36:42 | Pickup_Map | | 55-E | | Response_Transports | CADDFRF289 | |

**No Custom Time Stamps**

**No Custom Data Fields**

**No Attachment**

Sir, (SEE: CASE NO. #2015017æ5 * State Bar of
Tex. Grievance by Rubin Crain IV *
David C. Wright, Bar #22026360)

Sincerely,

Rubin Crain IV

C. C. Rctf



FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

*Date:* **June 17, 2015**

*RE:* **W-1254318 Y(C)**

*Ex Parte:* **RUBIN CRAIN**

Dear Mr./MS **CRAIN**

The application for Writ in the above styled cause has been referred to the **CRIMINAL District Court No. 7, Dallas County, Texas** for processing. Please be advised that all future

Correspondence should indicate the above listed cause number.

Sincerely

FELICIA PITRE
District Clerk
Dallas County, Texas

By:

Deputy/**COLEMAN**

133 North Riverfront Blvd. LB 12 – Dallas, Texas 75207 – (214) 653-5973
FAX (214) 653-5986 - e-mail: Sylvia.Medrano@DallasCounty.org
Web Site: www.dallascounty.org/department/districtclerk/districtclerk_index.html