**Appeal Dismissed and Memorandum Opinion filed December 3, 2020.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00401-CV

**MICHAEL TODD KOSAR, INDIVIDUALLY AS INDEPENDENT ADMINISTRATOR FOR THE ESTATE OF BETTY KOSAR, DECEASED, CRISANTOS G. LOPEZ, GENEVIEVE R. LOPEZ, AND RAFAEL SEBASTIAN RODRIGUEZ, Appellants**

**V.**

**KPH-CONSOLIDATION, INC. D/B/A KINGWOOD MEDICAL CENTER, Appellee**

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2017-48084**

## MEMORANDUM OPINION

Appellants Michael Todd Kosar, Individually as Independent Administrator for the Estate of Betty Kosar, Deceased, Crisantos G. Lopez, Genevieve R. Lopez, and Rafael Sebastian Rodriguez, attempt to appeal the trial court's interlocutory order dismissing their claims against appellee KPH-Consolidation, Inc. d/b/a

Kingwood Medical Center (Kingwood) pursuant to section 74.351 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 74.351. Concluding we do not have jurisdiction, we dismiss appellants' appeal.

## BACKGROUND

Betty Kosar underwent a laparoscopic sleeve gastrectomy and hiatal hernia repair procedure in late December 2015. Kosar experienced complications after the procedure and she was eventually diagnosed with a gastric perforation and spillage. The doctor who performed Kosar's laparoscopic sleeve gastrectomy and hiatal hernia repair procedure operated on Kosar two times in an effort to correct the problem. Kosar died as a result of complications from the gastric sleeve procedure including gastric perforation, diffuse massive peritonitis, intra-abdominal abscess, and anoxic brain injury.

Appellants filed suit against numerous defendants alleging their negligence caused Kosar's death. Appellants eventually added Kingwood as a defendant in their Third Amended Petition. Appellants alleged that Kingwood violated federal law when it allowed Kosar to be transferred to another hospital when she was medically unstable. *See* The Emergency Medical Treatment and Active Labor Act, 42 U.S.C. 1395(d), *et seq*.

In an effort to comply with the expert report requirements found in section 74.351(a) of the Texas Civil Practice and Remedies Code, appellants filed a report prepared by Dr. John Bedolla. *See* Tex. Civ. Prac. & Rem. Code § 74.351(a) (providing that a plaintiff must file an expert report addressing each defendant "not later than the 120th day after the date each defendant's original answer is filed"). Kingwood filed objections to Dr. Bedolla's report within the 120-day period following its answer. Appellants filed a second report by Dr. Bedolla after the 120-day window had closed. In addition, once the 120-day period had passed,

2

Kingwood filed objections and a motion to dismiss appellants' claims. *See* Tex. Civ. Prac. & Rem. Code § 74.351(b). The trial court sustained Kingwood's objections and granted appellants a 30-day extension to supplement Dr. Bedolla's report. *See* Tex. Civ. Prac. & Rem. Code § 74.351(c) (providing that a trial court "may grant one 30-day extension to the claimant in order to cure the deficiency" in the claimant's expert report). It is undisputed appellants did not timely file another expert report. Once the 30-day period for appellants to file an amended expert report had closed, Kingwood filed a second motion to dismiss and request for attorneys' fees. *See* Tex. Civ. Prac. & Rem. Code § 74.351(b). The trial court granted Kingwood's second motion to dismiss but it deferred ruling on Kingwood's request for attorneys' fees. Some months later, the trial court signed an order awarding Kingwood attorneys' fees and costs. See *id.* (providing for mandatory award of reasonable attorneys' fees and costs when trial court dismisses health care liability claims for failing to file an expert report). Once the trial court signed this order, appellants filed the present appeal.

## ANALYSIS

Because appellants sued numerous defendants in addition to Kingwood and appellants did not sever their claims against Kingwood, this is not an appeal from a final judgment. It is instead an attempted interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014 (authorizing interlocutory appeals in certain circumstances). In this situation, we turn first to the question of our jurisdiction. *See M. O. Dental Lab. v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (stating that appellate courts "are obligated to review sua sponte issues affecting jurisdiction); *Ward v. Lamar Univ.*, 484 S.W.3d 440, 450 (Tex. App.—Houston [14th Dist.] 2016, no pet.). We sent notification to the parties as required by the Rules of Appellate Procedure. *See* Tex. R. App. P. 42.3(a). Appellants filed a letter brief in

3

response and Kingwood responded in their appellate briefing.

Interlocutory orders are appealable only if permitted by statute. *Iverson v. Putnam*, No. 14-16-00416-CV, 2017 WL 1719100, at *2 (Tex. App.—Houston [14th Dist.] May 2, 2017, no pet.) (mem. op.) (citing *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992)). When reviewing a statutory grant of interlocutory appellate jurisdiction, we look to the legislature's intent as expressed in the statute's plain words. *See Tex. A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 840–41 (Tex. 2017). We strictly construe statutes authorizing interlocutory appeals as narrow exceptions to the general rule that only final judgments are appealable. *Id.* at 841; *cf. Dallas Symphony Assoc. v. Reyes*, 571 S.W.3d 753, 758–59 (Tex. 2019) (abandoning strict construction of interlocutory appeal statute with respect to appeals under section 51.014(a)(6)).

Section 74.351 of the Civil Practice and Remedies Code requires a health-care-liability claimant to serve each party with an expert report containing certain information mandated under the statute within 120 days after the date that the defendant's answer is filed. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). Under subsection (b) of the statute, if a health-care-liability claimant fails to file the required report within this 120-day period, either because the claimant failed to file an expert report at all or because the claimant filed an expert report that failed to comply with the statute, a health-care defendant may move for dismissal with prejudice and an award of attorney's fees and costs incurred by the defendant. *Id.* § 74.351(b); *see Lewis v. Funderburk*, 253 S.W.3d 204, 207–08 (Tex. 2008) (holding that subsection (b) contemplates dismissal both when a plaintiff fails to file any expert report as well as when the plaintiff timely files an expert report but it is determined not to meet the statutory requirements for expert reports). Under the statute, if a health-care-liability claimant fails to file any expert report, then the

trial court must grant this relief. *See Ogletree v. Matthews*, 262 S.W.3d 316, 319–20 (Tex. 2007) ("If no report is served within the 120 day deadline provided by 74.351(a), the Legislature denied trial courts the discretion to deny motions to dismiss or grant extensions[.]"). If the claimant filed a timely-but-deficient expert report, a trial court may grant a single thirty-day extension to cure the deficiencies pursuant to subsection (c). *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(c).

A health-care defendant is not entitled to relief under subsection (b) until after the 120-day period specified in subsection (a) has passed. *See Lewis*, 253 S.W.3d at 207 (stating that subsection (b) motions can only be filed after the 120-day "period specified by subsection (a)" has ended). Subsection (*l*) additionally provides that a trial court "shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply" with the statute's requirements for the content of an expert report. *Id.* § 74.351(*l*). This subsection does not however, authorize dismissal or an award of attorney's fees and costs. *Id.*; *Lewis*, 253 S.W.3d at 207 (stating that only subsection (b) "provides for dismissal and fees").

The Civil Practice and Remedies Code authorizes interlocutory appeals from two types of orders relating to Chapter 74 expert reports. First, it authorizes an interlocutory appeal from an order denying, in whole or in part, a motion filed under subsection 74.351(b).[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 54.014(a)(9); *Lewis*, 253 S.W.3d at 207 ("First, an immediate appeal can be taken if a trial court *denies* relief sought under subpart (b)."). Next, it authorizes an interlocutory appeal from an order granting a motion filed under subsection

---

[1] The Civil Practice and Remedies Code expressly excludes orders granting a thirty-day extension under subsection (c) from this authorization. *See* Tex. Civ. Prac. & Rem. Code Ann. § 54.014(a)(9).

5

74.351(*l*).  *See* Tex. Civ. Prac. & Rem. Code Ann. § 54.014(a)(10); *Lewis*, 253 S.W.3d at 207 ("Second, an immediate appeal is allowed when a trial court *grants* relief under subpart (*l*).").

Thus, to decide whether we have jurisdiction, we must determine whether appellants' appeal fits within one of these two statutory authorizations.  We conclude that it does not.  Because Kingwood sought dismissal and an award of attorney's fees and costs in its motion, and the motion was filed after the 120-day window had closed, we conclude that the motion was filed pursuant to section 74.351(b).  *See Lewis*, 253 S.W.3d at 207 ("Only subpart (b) provides for dismissal and fees.  Subpart (*l*) provides for challenges to inadequate reports, but says nothing about dismissal or fees.").  An interlocutory appeal is only authorized from the denial of a section 74.351(b) motion to dismiss, not when the motion is granted.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 54.014(a)(9).  Because an interlocutory appeal is not authorized from an order granting a motion to dismiss filed pursuant to section 74.351(b) of the Civil Practice and Remedies Code, we hold that we do not have jurisdiction to consider appellants' appeal.

## CONCLUSION

Because the trial court's order dismissing appellants' claims against Kingwood is not an interlocutory order appealable by appellants, we dismiss appellants' appeal.


/s/    Jerry Zimmerer
       Justice

Panel consists of Justices Christopher, Wise, and Zimmerer.

6