

# NUMBER 13-23-00148-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

YOLANDA GONZALEZ,                                                    Appellant,

v.

AMERICAN NATIONAL LLOYDS
INSURANCE COMPANY,                                                   Appellee.

## On appeal from the County Court at Law No. 9
## of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña**
**Memorandum Opinion by Justice Peña**

Appellant Yolanda Gonzalez filed a notice of appeal from an order denying her motion to set aside an appraisal award in trial court cause number CL-22-0502-I in the County Court at Law No. 9 of Hidalgo County, Texas. In the underlying case, Gonzalez filed suit against appellee American National Lloyds Insurance Company alleging that it

failed to pay covered losses for storm damage that her property sustained as the result of Hurricane Hannah in 2020. The parties subsequently engaged in the appraisal process as provided in Gonzalez's insurance policy. After an appraisal award was signed, Gonzalez filed a motion to set aside the appraisal award. The trial court denied her motion, and this appeal ensued. Based on our review of the record, it appears that Gonzalez has filed a motion for leave to file a permissive appeal with the trial court, but the record fails to reflect that the trial court has issued a ruling on that motion.

On June 16, 2023, and again on July 6, 2023, the Clerk of this Court notified Gonzalez that it did not appear that the order at issue was appealable, requested correction of this defect, and advised Gonzalez that the appeal would be dismissed if the defect was not corrected. *See* TEX. R. APP. P. 42.3(a), (c). Gonzalez did not correct the defect or otherwise respond to the Clerk's directives.

As an appellate court, we have the obligation to examine our jurisdiction and may do so sua sponte. *See Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020); *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). Generally, appeals may be taken only from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "Exceptions to this general rule are provided by statutes that specifically authorize interlocutory appeals of particular orders." *City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014); *see, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (listing several interlocutory orders that may be appealed).

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that we lack jurisdiction over this appeal. Accordingly, we

dismiss this appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

L. ARON PEÑA JR.
Justice

Delivered and filed on the
17th day of August, 2023.