

## NUMBER 13-23-00534-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

**ESTATE OF ELDA M. VILLA A/K/A MARIA ELDA VILLA, DECEASED.**

---

**On appeal from the Probate Court
of Hidalgo County, Texas.**

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Justice Tjierina**

On December 4, 2023, appellants Robin Villa and Ruben Villa filed a notice of appeal from an "Order Granting Motion to Set Aside Admissions" signed on November 7, 2023. On December 7, 2023, the Clerk of this Court notified appellants that it appeared that they were attempting to appeal an order which is not subject to appeal. The Clerk requested correction of this defect, if possible, and advised appellants that the appeal would be dismissed if the defect was not corrected within ten days. *See* TEX. R. APP. P. 37.1, 42.3(a), (c). Appellants did not respond to the Clerk's notice.

"Courts are empowered to note potential jurisdictional defects sua sponte," and by doing so, a court "discharges its duty to ensure that the court itself is functioning in an authorized and proper[] judicial capacity." *Hidalgo Cnty. Water Improvement Dist. No. 3 v. Hidalgo Cnty. Irrigation Dist. No. 1*, 669 S.W.3d 178, 185 (Tex. 2023) (quoting *Rattray v. City of Brownsville*, 662 S.W.3d 860, 867, 869 (Tex. 2023)). Thus, as an appellate court, we have the obligation to examine our jurisdiction and may do so sua sponte. *See Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020); *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). Generally, appeals may be taken only from final judgments. *CPS Energy v. Elec. Reliability Council of Tex.*, 671 S.W.3d 605, 614 (Tex. 2023); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Statutes that specifically authorize interlocutory appeals provide an exception to this general rule. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020); *City of Watauga v. Gordon*, 434 S.W.3d 586, 588 (Tex. 2014); *see, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (listing several interlocutory orders that may be appealed).

The Court, having examined and fully considered the documents on file and the applicable law, is of the opinion that we lack jurisdiction over this appeal. Appellants have not shown that they are appealing from a final judgment or that their appeal is otherwise authorized by statute. Accordingly, we dismiss this appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

JAIME TIJERINA
Justice

Delivered and filed on the
29th day of February, 2024.